Crimmins, J.
This is an appeal pursuant to G.L.c. 123, §9 and Dist./Mun. Cts. R. A. D. A., Rule 8C. The respondent (Eric Carrara), the appellant herein, appeals from an order and ruling requiring Taunton State Hospital to provide a security escort for Carrara in order to prevent him from leaving the grounds of the hospital. The appellant is a young man with both a major mental illness and a severe traumatic brain injury. By order of the Taunton Division of the District Court Department the appellant was found incompetent to stand trial and was committed to the Taunton State Hospital on September 29, 1998 for a period not to exceed one year pursuant to G.L.c. 123, §16. The order restricted the appellant to the “buildings and grounds” of that facility and further ordered that he may only be on the grounds with a staff escort. This appeal does not challenge the incompetency finding or the order of commitment pursuant to G.L.c. 123, §16 (c). The limited issue on appeal is whether the court exceeded its authority in ordering that the appellant be escorted while on the grounds of the Taunton State Hospital.
It is clear that the court has the authority pursuant to G.L.c. 123, §16 (e) to order that a patient, who is committed to the hospital, be restricted to the grounds of the facility. See Bradley v. Commissioner of Mental Health, 386 Mass. 363, 365-366 (1982). It is equally clear that “until it is demonstrated that the DMH is unable or unwilling to provide the level of security necessary for the plaintiffs confinement in some DMH facility, no order should be entered directing the DMH to fulfill its statutory obligations in any particular way.” Id. at 366.
The implementation of the judge’s order detailing the method by which to restrict the patient infringed upon the prerogative of the DMH. The degree of security within the confines of the grounds was for the hospital to determine. A comprehensive, written protocol exists for guiding personnel that determines appropriate levels of security for the patients within the institution. This protocol must be given substantial deference. See Correia v. Department of Public Welfare, 414 Mass. 157, 169 (1993). The transcript does not support a conclusion that the facility is unable or unwilling to provide an appropriate level of security.
G.L.c. 123, §16 requires that the DMH, if so ordered by the court, restrict the individual committed to the DMH facility to that facility’s buildings and grounds. Courts will not direct an agency on how to comply with a statutory mandate unless there is evidence to indicate that the agency failed to comply with the statute. See Bradley v. Commissioner of Mental Health, 386 Mass. 363, 365-366 (1982). In this case, it is undisputed that the DMH did not permit the appellant to leave the grounds unescorted. It is also undisputed that the appellant, at all times, remained restricted to the buildings and grounds of the facility. There is no evidence in the record that, in this case, the DMH failed to restrict the appellant to its buildings *275 and grounds, as mandated by statute and as ordered by the court. While the judge may disagree with the manner in which the appellant was restricted to the facility’s buildings and grounds, this does not support a finding that the appellant failed to be restricted to the facility’s buildings and grounds. The statute does not require the DMH to provide an escort to individuals who are restricted to the buildings and grounds of a facility. As such, DMH’s failure to provide such an escort cannot be interpreted as abrogating its statutory duty to restrict an individual to the buildings and grounds of its facility.
As noted in In the Matter of McKnight, 406 Mass. 787 (1990) (Liacos, C.J., dissenting), “[a] court, of course, may not properly exercise the functions of the executive branch of State government. On the other hand, a court has the right to order the department to do what it has a legal obligation to do. Where the means of fulfilling (hat obligation is within the discretion of a public agency, the courts normally have no right to tell that agency how to fulfil its obligation.” (Citations omitted). Id. at 792. In the case at hand, it is undisputed that the DMH has a legal obligation to restrict the appellant to the buildings and grounds of the facility, as it was ordered by the court pursuant to G.L.c. 123, §16. ‘The determination of where and how the department will carry out its statutory, regulatory, and any constitutional obligations, is ... for it to decide.” McKnight, supra, at 798. As such, it was improper for the judge to order how the DMH should restrict the appellant to the buildings and grounds of its facility (i.e. with the use of an escort). “Only when, at the time a judicial order is entered, there is but one way in which that obligation may properly be fulfilled, is a judge warranted in telling a public agency precisely how it must fulfil its legal obligation.” McKnight, supra, at 792. There is nothing in the record to indicate that providing the appellant with an escort is the only way to restrict the appellant to the buildings and grounds of the facility.
The principle that a court will not order an agency to act in a particular way, unless there is but one way by which an agency can fulfill its obligation, is a corollary to the general policy of judicial deference to agency expertise. McKnight, supra. This general policy must yield in cases of agency misconduct. On this record, it cannot be said that the DMH engaged in misconduct. As noted above, the appellant remained restricted to the facility’s buildings and grounds at all times. The fact that it is physically possible for the patient to leave the grounds does not amount to misconduct on the part of the DMH and does not justify a conclusion that the DMH abrogated its statutory authority. Given DMH’s status as a public agency, that portion of the order that directs that the defendant be escorted whenever outside the building is inappropriate. See Guardianship of Anthony, 402 Mass. 723 (1988); Bradley v. Commissioner of Mental Health, supra, at 365.
It is important to recognize that DMH is also mandated to afford treatment for the appellant. Policies implemented by DMH indicate that a patient’s treatment is integrated with the patient’s ability to move with or without restrictions through the facility’s buildings and grounds. The sort of restriction (i.e. escort at all times by staff) envisioned, might work contrary to the treatment needs of the appellant as determined by DMH staff.
The other issue raised by the appellee is mootness. The order of commitment from which the respondent appeals expired on September 28,1999, prior the date of the filing of this appeal on October 4, 1999. Subsequently, a new commitment hearing was held at the Taunton State Hospital session of the Taunton District Court and the appellant was recommitted. Accordingly, the appellee, by and through the District Attorney of the County of Plymouth, argues that the case is moot.
The general rule in the Commonwealth of Massachusetts is that courts will only decide actual controversies in which the parties have a personal stake in the outcome. Attorney General v. Commissioner of Insurance, 403 Mass. 370, 380 *276 (1988). “Nonetheless, it is within our discretion to decide an issue which is (moot), where the question is one of public importance, is very likely to arise again in similar circumstances, and where appellate review could not be obtained before the question would again be moot.” Id.
The Supreme Judicial Court has held that civil commitment and treatment related cases are matters of public importance which warrant an exception to the general mootness rules. The Court has held that it is “clear that the interpretation of a statute (M.G.L.c. 123) which permits the Commonwealth to restrict an individual’s liberty is a matter of public importance.” Hashimi v. Kalil, 388 Mass. 607, 609 (1983). The appellant was recommitted to the Taunton State Hospital on December 7,1999, and the buildings and grounds restriction was imposed by the Court. As such, the appellant is facing the same issue and thus has a personal stake in the outcome of this appeal. If the appeal in the instant matter is successful, the appellant will be able to obtain the grounds privileges that the treatment team at the Taunton State Hospital previously granted to him. Initial orders of involuntary civil commitments expire after six months and appellate review is usually not completed within that time frame. Subsequent orders of commitment may be for not more than one year at a time. “(I)ssues which involve the rights of the mentally ill are classic examples of issues that are ‘capable of repetition, yet evading review.’” Guardianship of Doe, 391 Mass. 614, 618 (1984), quoting Hashimi v. Kalil, supra. The facts of the instant appeal justify this Court in exercising its discretion. The issue of mootness does not bar this Court from deciding this issue. See Guardianship of Weedon, 409 Mass. 196, 197 (1991).
Based on the above findings, it is hereby ordered that the portion of the judge’s order which requires an escort for the appellant when not in the hospital buildings be vacated. The remaining provisions of the order shall retain full force and effect.
So ordered.