DAVID VIGODA *vs.* SUPERINTENDENT OF BOSTON
STATE HOSPITAL.

Suffolk.    December 4, 1957. — February 5, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Moot Question.  Mandamus.  Practice, Civil,* Appeal. *Equity Pleading and Practice,* Appeal.

The controversy involved in a mandamus proceeding seeking the petitioner's reinstatement in a position in the public service became moot upon the respondent's reinstating the petitioner in circumstances such that it could not be said that the reinstatement was involuntary and pursuant to court order.  [725]

In a mandamus proceeding seeking reinstatement of the petitioner in a position in the public service, entry in this court of an appeal by the respondent from a final judgment entered in accordance with an order for issuance of the writ commanding the reinstatement vacated the judgment under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4; c. 214, § 19, so that it could not be said that a subsequent reinstatement of the petitioner by the respondent was involuntary and pursuant to court order.  [726]

The mere pendency of an action of tort for damages for wrongful removal of the plaintiff from a position in the public service by the defendant and for slander and libel did not prevent a mandamus proceeding between the same parties seeking the petitioner's reinstatement in his position from becoming moot upon the respondent's reinstating him.  [726]

PETITION for a writ of mandamus filed in the Superior Court on July 16, 1956.

The case was heard by *Brogna*, J.

*Joseph H. Elcock, Jr.*, Assistant Attorney General, for the respondent.

*Louis W. Black*, for the petitioner.

SPALDING, J. This is a petition for a writ of mandamus to compel the respondent, who is superintendent of the Boston State Hospital, to restore the petitioner to the position of psychiatric social worker at the hospital. The trial judge found that the petitioner had been improperly removed, and ordered a writ of mandamus to issue commanding the respondent to restore the petitioner to the position sought. From a final judgment entered in accordance with this order the respondent appealed. G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4 (see now St. 1957, c. 155).

Although the appeal presents substantial questions on the merits that are by no means free from doubt, we do not reach them. The petitioner argues that the controversy is now moot. We agree. It appears that judgment was entered on December 31, 1956. From an affidavit filed in this court by the petitioner's counsel (see *Hubrite Informal Frocks, Inc.* v. *Kramer*, 297 Mass. 530, 532) it appears that on August 2, 1957, the petitioner was reinstated by the respondent to the position here in controversy and that he now holds that position. The reinstatement was made retroactive to March 24, 1956.[1] These facts not only are not challenged by the respondent but are in substance admitted in his brief. In these circumstances we are of opinion that there is nothing to litigate. Any decision on the merits of the case would be purely academic, for the petitioner now holds the position to which he sought in these proceedings to be restored, and this would be true whether we affirmed or reversed the judgment below. That this court does not decide questions which have become moot is so well settled

[1] This was the date as of which the petitioner was removed from his position and as of which the respondent was commanded to reinstate him.—REPORTER.

that a citation or two will suffice. *Hubrite Informal Frocks, Inc.* v. *Kramer*, 297 Mass. 530, 534. *Henderson* v. *Mayor of Medford*, 321 Mass. 732, 734.

In opposition to the contention that the case is now moot the respondent argues that the restoration of the petitioner to his position was not voluntary but was done pursuant to a court order. This contention is not borne out by the facts. It appears from our docket that the respondent's appeal was entered in this court on July 31, 1957. As stated above, the petitioner was retroactively reinstated on August 2, 1957. Under G. L. (Ter. Ed.) c. 214, § 19, a final decree in equity is vacated upon the entry of the appeal in this court and "all proceedings under such decree shall be stayed." *Carilli* v. *Hersey*, 303 Mass. 82, 84. *Lowell Bar Association* v. *Loeb*, 315 Mass. 176, 189. Section 19 is made applicable to mandamus proceedings by G. L. (Ter. Ed.) c. 213, § 1D. Hence when the petitioner was reinstated there was no judgment in force requiring reinstatement. We need not decide whether our conclusion would be different if the reinstatement had occurred prior to the entry of the appeal in this court. See *American Book Co.* v. *Kansas*, 193 U. S. 49, 52; *Brownlow* v. *Schwartz*, 261 U. S. 216, 218.

The respondent asserts that there is now pending an action of tort in the Superior Court in which the petitioner is seeking damages from the respondent for wrongfully removing him and for slander and libel. He argues, therefore, that the present proceedings are not moot because a decision here "may be used in the . . . tort action." This contention lacks merit. As the Supreme Court of the United States said in the *American Book Co.* case (*supra*) in answering a similar argument, "It is further urged that another suit has been brought and, as decisive of its issues or some of its issues, the judgment in the case at bar is pleaded. But that suit is not before us. We have not now jurisdiction of it or its issues. Our power only extends over and is limited by the conditions of the case now before us" (page 52).

It follows that judgment ordering the writ to issue is reversed, not on the merits, but because the case has become

moot, and the case is remanded to the Superior Court with directions to dismiss the petition. See *Anderson* v. *Labor Relations Commission*, 310 Mass. 590, 593.

*So ordered.*