ANTHONY MONICO's (dependent's) CASE.

Suffolk.    January 3, 1966. — February 4, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Workmen's Compensation Act,* Decision of single member, Time of decision, Expenses of appeal.

Failure of a single member of the Industrial Accident Board to file his decision in a workmen's compensation case until long after the expiration of the time specified in G. L. c. 152, § 8, as appearing in St. 1961, c. 611, § 8, did not nullify his decision.  [185–186]

No abuse of discretion appeared in a denial by a judge of the Superior Court of a motion by the claimant in a workmen's compensation case for an allowance of expenses of an appeal to this court from a decree dismissing the claim. [186]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Pillsbury, J.*

*Nachman S. Cohen* for the claimant.

*George T. Strzetelski* for the insurer.

WILKINS, C.J. The claimant, the employee's widow, seeks to recover compensation upon the death of her husband. The single member heard the case on September 25, 1963. He did not file his report, which was adverse to the claimant, until more than a year later on September 28, 1964. This was not compliance with G. L. c. 152, § 8 (as amended through St. 1961, c. 611, § 8), which requires that "the decision of the member, together with a statement of the evidence, his findings of fact, rulings of law, and other matters pertinent to questions arising before him, shall be filed with the division within forty-five days of the close of the hearing, unless further extension is authorized by the chairman." The claimant filed with the reviewing board a motion to "vacate, nullify, strike, and in all respects set aside all reports, findings, and also the decision of the member" and to order a new hearing on all the evidence. The reviewing board denied the motion, stating that "the oversight or failure was one of procedure and did not affect or prejudice the substantive rights of the claimant." The reviewing board affirmed and adopted the findings and decision of the single member, and denied the claim for compensation. In the Superior Court a decree was entered dismissing the claim. The claimant appealed.

This court has never been called upon to consider whether a decision of a single member of the Industrial Accident Board, in order to be valid, must be filed within the time stated in G. L. c. 152, § 8. But we have passed upon practically identical language in G. L. c. 220, § 14A, inserted by

St. 1936, c. 206, § 1, and entitled, "An Act to discourage belated decisions by justices of the superior court and of district courts." This provides in part: "An associate justice of the superior court, who has reserved his decision in a case heard by him without a jury, *shall render his decision within four months from the date when the hearing was closed, or within such further time as the chief justice of said court may grant, upon a request in writing by such justice within said period,* containing a full report of his reasons for not having rendered his decision and for requesting an extension of time for rendering his decision. A justice or special justice of a district court, other than the municipal court of the city of Boston, who has reserved his decision in a case heard by him, *shall render his decision within a like period, or within such further time as the presiding justice of the appellate division of the court in which the case was heard may grant, upon a like request in writing, made by such justice or special justice within said period. . . ."* (emphasis supplied). In *Kerr* v. *Palmieri*, 325 Mass. 554, 558, we held that nothing in § 14A deprived the trial judge of power to allow a motion to permit additional evidence to be introduced after the close of the trial. In so doing we relied upon *Cheney* v. *Coughlin*, 201 Mass. 204, 211, where it was said, "As to a statute imperative in phrase, it has often been held that where it relates only to the time of performance of a duty by a public officer and does not go to the essence of the thing to be done, it is only a regulation for the orderly and convenient conduct of public business and not a condition precedent to the validity of the act done."

We observe no reason why G. L. c. 152, § 8, should be held to go to "the essence of the thing to be done" any more than G. L. c. 220, § 14A. The claimant urges that there should be drawn a distinction between a judge and a member of an administrative board performing a quasi-judicial function. We do not agree. Further elaboration is unnecessary. See, for example, with reference to the promulgation of insurance rates under G. L. c. 175, § 113B,

*Liberty Mut. Ins. Co.* v. *Acting Commr. of Ins.* 265 Mass. 23, 28–29; *Doherty* v. *Commissioner of Ins.* 328 Mass. 161, 163.

We recognize that G. L. c. 152, § 8, may have been enacted to deal with what the Legislature felt was an intolerable situation of delay in the rendition of decisions in cases affecting employees and their dependents.   Until the Legislature makes an express declaration that the single member will lose jurisdiction by failure to make his decision within the time prescribed we cannot adopt the construction urged by the claimant.

The claimant argues the denial by the judge of her motion "for allowance of expenses of printing records, papers and briefs on appeal to the Supreme Judicial Court."   It is urged that this denial was an abuse of discretion.   We do not agree.   Further discussion is not merited.

*Decree affirmed.*