THE FIRST NATIONAL BANK OF BOSTON *vs.* ROBERT C. HAUFLER & another.[1]

Suffolk. November 6, 1978. — February 1, 1979.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Moot Question. Practice, Civil,* Moot case, Parties.

This court declined to rule on a question which had become moot and was not an issue apt to evade review in subsequent cases.[211]

In an appeal in which the original issue had become moot, this court declined to rule on a different issue pressed by the appellant for the first time on appeal where a decision on this issue might prejudice interested persons who were not before the court. [211-212]

CIVIL ACTION commenced in the Superior Court on January 23, 1976.

A motion for a preliminary injunction was heard by *McNaught,* J.

---

[1] Commonwealth of Massachusetts.

The Supreme Judicial Court granted a request for direct appellate review.

*Carl K. King* for The First National Bank of Boston.

*F. Timothy Hegarty, Jr.,* Assistant Attorney General, for the Commonwealth.

*Robert Quinn* for Robert C. Haufler, submitted a brief.

WILKINS, J. The issue properly presented in this appeal, which prompted us to grant the plaintiff bank's request for direct appellate review, is moot, and we therefore do not reach it. The bank presses us to resolve a different issue which, in light of changed circumstances, is now of importance to it. We decline to pass on the new issue either, because it is not ripe for appellate review.

The bank's appeal is an interlocutory one, pursuant to G. L. c. 231, § 118, as appearing in St. 1977, c. 405, and, in its original posture, challenged the denial of the bank's motion for a preliminary injunction. The bank had sought to enjoin the Commonwealth from making payment to the defendant Haufler with respect to an eminent domain action which Haufler was pursuing against the Commonwealth. See *Haufler* v. *Commonwealth,* 372 Mass. 527 (1977), where we considered an aspect of that eminent domain case. At the time the bank sought the preliminary injunction, it was a creditor but not a judgment creditor of Haufler, and the eminent domain action was still pending.

At this time, the circumstances are significantly different. We were advised at oral argument that the eminent domain action has been settled, and that the Commonwealth has paid over a substantial sum in satisfaction of the judgment which was entered by agreement in that action. Those funds are being held by an attorney for Haufler, subject to the direction of the Superior Court. The Commonwealth apparently has no further interest in or obligation with respect to those funds. The bank now has a judgment against Haufler on which execution has issued. It has received an order permitting it to levy against the funds held by Haufler's attorney. Other credi-

tors, at least two of whom also have judgments against Haufler, have made claims against those funds. Other persons alleging assignments of Haufler's claim against the Commonwealth have asserted interests in those funds. None of these creditors or claimants is a party to this case. The bank now urges us to determine the priority, if any, of the bank's claim against the funds.

We decline to rule on the question originally presented in this appeal. The parties no longer have a stake in the determination of that issue, and so it is moot. See *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 703 (1976), and cases cited. On occasion, we have been willing to resolve issues of public importance which, although moot, were "capable of repetition, yet evading review." *Karchmar* v. *Worcester*, 364 Mass. 124, 136 (1973), quoting from *Southern Pac. Terminal Co.* v. *ICC,* 219 U.S. 498, 515 (1911). An issue apt to evade review is one which tends to arise only in circumstances that create a substantial likelihood of mootness prior to completion of the appellate process. Compare *Superintendent of Worcester State Hosp.* v. *Hagberg*, 374 Mass. 271, 274 (1978), and *Wolf* v. *Commissioner of Pub. Welfare*, 367 Mass. 293, 298-299 (1975), with *Blake* v. *Massachusetts Parole Bd.*, *supra* at 708. Appellate review of the issue originally presented in this appeal may be obtained in the normal course of some subsequent action without any substantial likelihood of mootness.

We likewise decline to answer the question now urged before us by the bank, as to the priority, if any, of the bank's claim against the funds. The issue has not been briefed and argued before us. Moreover, this is no longer an adversary proceeding. Of the persons claiming an interest in the fund, only the bank and Haufler, who has not appealed, are before us. This court need not rule on a nonjurisdictional issue first presented on appeal, and restraint is clearly appropriate if a decision on such an issue might prejudice interested persons who had no reason, and perhaps no right, to participate in the proceed-

ings below. See *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 87-88 (1977).

The order denying the preliminary injunction requested by the bank is vacated with a notation that our decision is not on the merits. See generally *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 708 (1976); *Reilly* v. *School Comm. of Boston*, 362 Mass. 689, 696 (1972). This opinion has no bearing on other aspects of the proceedings below.

*So ordered.*