MIR HASHIMI vs. BRUCE KALIL.

Hampshire. December 10, 1982. — April 4, 1983.

Present: ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Moot Question. Statute,* Construction. *Practice, Civil,* Commitment of
mentally ill person. *Mental Health. Words,* "Shall."

This court considered whether G. L. c. 123, § 7, requires that a hearing
on a petition for civil commitment be commenced within fourteen
days of the filing of the petition, even though in this case the expiration
of the commitment order had made the question moot, where the
maximum one-year commitment period provided by c. 123, § 8,
created a substantial likelihood of mootness prior to completion of the
appellate process in such cases and where the issue was a matter of
public importance. [608-609]

The requirement of G. L. c. 123, § 7, that a hearing on a petition for civil
commitment be commenced within fourteen days of the filing of the
petition is mandatory rather than only directory. [609-610]

PETITION filed in the Hampshire Division of the District
Court Department on August 19, 1981.

The case was heard by *Morse,* J.

*John A. Barry, Jr.,* Special Assistant Attorney General
(*William L. Pardee,* Assistant Attorney General, with him)
for the plaintiff.

*Robert D. Fleischner* for the defendant.

*Darcy Dumont & Robert Weber* for Mental Health Legal
Advisors Committee, amicus curiae, submitted a brief.

LYNCH, J. On August 19, 1981, a staff psychiatrist at
Northampton State Hospital filed a petition for civil com-
mitment in the Northampton Division of the District Court
Department,[1] to commit Bruce Kalil, a patient at the

---

[1] We do not consider the propriety of a petition for commitment
brought by a staff psychiatrist since the parties have not raised the issue

hospital, for an additional one year. G. L. c. 123, §§ 7 and 8. A hearing on this petition was scheduled by the District Court judge for September 3, 1981, which was fifteen days after the filing of the petition. Neither Kalil nor anyone on his behalf had requested this date or a continuance. On September 3, Kalil orally moved to dismiss the petition. The motion was denied without prejudice and the hearing was continued until September 10, 1981, over the objection of Kalil. At the hearing on September 10, Kalil filed a motion to dismiss the petition on the grounds that he had been denied his statutory right to a hearing within fourteen days of the filing of the petition for his civil commitment. The judge denied the motion, found facts to warrant Kalil's commitment pursuant to G. L. c. 123, §§ 7 and 8, and entered an order of civil commitment to Northampton State Hospital for a period not to exceed one year. The judge found that the hearing was not held within fourteen days as required by G. L. c. 123, § 7, but that this requirement was not jurisdictional. On report to the Appellate Division of the District Courts under G. L. c. 123, § 9, the decision of the District Court was reversed and the petition for commitment was ordered dismissed. The case is here on appeal from the decision and order of the Appellate Division. The parties do not dispute that the order of commitment would have expired on September 10, 1982, had it not been reversed by the Appellate Division, and that no effort was made to seek any further commitment.

Since the order for civil commitment had expired prior to the filing of the briefs or oral argument in this court it is clear that the case is moot. "Ordinarily, litigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome." *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 703 (1976). See *Vigoda* v. *Superintendent of Boston State Hosp.*, 336 Mass. 724, 725-726 (1958); *Henderson* v. *Mayor of Medford*, 321 Mass. 732, 733-735 (1947).

---

and its resolution is unnecessary in view of our disposition of the case. See G. L. c. 123, §§ 1 and 7.

The parties concede that the case is technically moot but urge that the issue should be decided nonetheless since the issue is one of great importance and "'capable of repetition, yet evading review.'" *Brach* v. *Chief Justice of the Dist. Court Dep't,* 386 Mass. 528, 533 (1982). *First Nat'l Bank* v. *Haufler,* 377 Mass. 209, 211 (1979). "An issue apt to evade review is one which tends to arise only in circumstances that create a substantial likelihood of mootness prior to completion of the appellate process." *Id.* Since the maximum period of commitment under G. L. c. 123, § 8, is one year, and the appellate process may take longer than a year, as is demonstrated by these facts, such a likelihood clearly exists here. It is also clear that the interpretation of a statute which permits the Commonwealth to restrict an individual's liberty is a matter of public importance.

We therefore consider whether the statute requires that a civil commitment hearing be commenced within fourteen days of the filing of the petition.

The plaintiff argues that the legislative history, the absence of any specific language in the statute delineating the consequences of failure to hold the hearing within the required period, and the absence of any showing of prejudice in this case requires the conclusion that the requirement is only directory. We do not agree.

The language of G. L. c. 123, § 7 (*c*), as amended through St. 1978, c. 367, § 71C, is clear and unambiguous: "The hearing *shall* be commenced within fourteen days of the filing of the petition unless a delay is requested by the person or his counsel" (emphasis supplied). "[W]here the language of the statute is plain and unambiguous . . . legislative history is not ordinarily a proper source of construction." *Hoffman* v. *Howmedica, Inc.,* 373 Mass. 32, 37 (1977). In construing a statute, words are to be accorded their ordinary meaning and approved usage. *Burke* v. *Chief of Police of Newton,* 374 Mass. 450, 452 (1978). *Johnson* v. *District Attorney for the N. Dist.,* 342 Mass. 212, 215 (1961). The word "shall" is ordinarily interpreted as having a mandatory or imperative obligation. *Id.* Cf.

*Myers* v. *Commonwealth,* 363 Mass. 843, 846 (1973). In addition, a general rule exists that directions to public officers for the protection of rights are mandatory. Since the words of the statute are clear and unambiguous and since, given their ordinary meaning, they yield a workable and logical result, there is no need to resort to extrinsic aids in interpreting the statute. See *Department of Community Affairs* v. *Massachusetts State College Bldg. Auth.,* 378 Mass. 418, 427 (1979). It must be kept in mind that this statute provides a mechanism for a restraint on an individual's personal liberty. See *Humphrey* v. *Cady,* 405 U.S. 504, 509 (1972). Thus decisions relied upon by dealing with the time within which an administrative officer must make a decision, *Monico's Case,* 350 Mass. 183, 186 (1966), file a description of land in the registry of deeds, *Beckford* v. *Needham,* 199 Mass. 369, 370 (1908), assess taxes, *Pond* v. *Negus,* 3 Mass. 230, 231 (1807), do not apply. That the statute imposes a restraint on liberty also compels the conclusion that the time limit on the holding of the hearing goes to the essence of the public duty.

Because of the view we take of this case, it is not necessary for us to reach the constitutional arguments advanced by Kalil.

The order of the Appellate Division is affirmed.

*So ordered.*