Introduction
Kelly, J. On or about July 7, 1999, the Respondent-Appellant, Clarissa Myers (the “Appellant”), filed a motion to dismiss a Petition for Civil Commitment that the Petitioner-Appellee, Carla Saccone (the “Appellee”) had filed against her pursuant to G.L.c. 123, §§7, 8 and 16(c). The motion judge denied the motion to dismiss and, at a subsequent hearing, a different judge granted the Petition for Civil Commitment. The Appellant now appeals the denial of her motion to dismiss pursuant to Rule 8A of the District/Municipal Courts Rules for Appellate Division Appeal.
Factual Background
The essential facts in this case are not in dispute. The Appellant was admitted to the Erich Lindemann Mental Health Center (the “Lindemann Center”) in November, 1998 pursuant to G.L.C. 123, §15 (b). After a period of observation and evaluation, the Appellant was found incompetent to stand trial for shoplifting and was committed to the Lindemann Center for a period of six months pursuant to G.L.C. 123, § 16(b). The criminal charges against the Appellant were dismissed on or about that date.
On June 15,1999, one day before the commitment under section 16(b) was due to expire, the Appellee filed a Petition for Civil Commitment against the Appellant pursuant to G.L.c. 123, §§7, 8 and 16(c). The hearing was scheduled for July 9, 1999, which was twenty-four days after the Petition for Civil Commitment had been filed. Neither the Appellant nor her attorney had requested any delay or extension in the proceedings.
On or about July 7,1999, the Appellant filed a motion to dismiss the Petition for Civil Commitment because the hearing had not been held within the statutorily required fourteen days of the filing of such petition. At a hearing on July 9,1999, the motion judge denied the motion to dismiss and ordered a hearing on the Petition for Civil Commitment to be held on July 12, 1999. The parties subsequently agreed to continue the proceedings until July 16, 1999. After the hearing, a trial court judge granted the Petition for Civil Commitment, but limited the period of commitment to three months.
Discussion
The Appellant argues that the scheduling of the hearing on the Petition for Civil Commitment on a date later than fourteen days from the filing of such petition violated the provisions of G.L.c. 123, §7(c). Under G.L.c. 123, §7(c), a hearing on a Petition for Civil Commitment “shall be commenced within fourteen days of the filing of a petition unless a delay is requested by the person or his counsel.” G.L.c. 123, §7(c). The Appellee does not dispute that the hearing was commenced on a date beyond the fourteen day time period or that counsel for the Appellant never requested an extension. The Appellee’s argument is that the Appellant should *306 have made the motion to dismiss as soon as she became aware that the hearing was scheduled for a day beyond the fourteen day time period. The Appellee asserts the equitable defense of laches and states that the Appellant’s failure to take timely action to address the scheduling delay irreparably impaired the Appel-lee’s ability to proceed. If the motion judge had allowed the motion to dismiss, the Appellee argues, it would have been precluded from presenting its case.
The language of G.L.c. 123, §7 (c) is clear and unambiguous, and the word “shall” in a statute ordinarily creates a mandatory or imperative obligation. Hashimi v. Kalil, 388 Mass. 607, 609 (1983). In Hashimi, the Supreme Judicial Court affirmed a decision of the District Court Department’s Appellate Division ordering dismissal of a petition for civil commitment because the hearing on such petition was held fifteen days after the filing of the petition. Id. at 609-10. In addition to the clear statutory language, the restraint on liberty imposed by G.L.c. 123, §7(c) necessarily means that the time limit on the holding of the hearing is directly linked to the essence of the public duty to protect an individual’s personal liberty. Id. at 610. Thus, even though the hearing in Hashimi was held one day after the expiration of the fourteen day time period, the Supreme Judicial Court affirmed the order of the Appellate Division dismissing the petition. Id.
The holding in Hashimi v. Kalil controls the outcome of the case presently before us. If a one day extension of the fourteen day time period in Hashimi violates G.L.c. 123, §7 (c), a ten day delay certainly cannot be overlooked.
Accordingly, we reverse the decision of the motion judge and order the Petition for Civil Commitment dismissed.