Kelly, J.
Introduction
On or about July 7,1999, the Respondent-Appellant, Omolayo Soremekun (the *88 “Appellant”) filed motions to dismiss a Petition for Civil Commitment and a Petition for a Determination of Incompetency and for Authorization of Medical Treatment for Mental Illness (the “Petitions”) that the Petitioner-Appellee, Jean Wilkinson (the “Appellee”) had filed against him pursuant to G.L.c. 123, §§7,8 and 8B. The motion judge denied the motions to dismiss and, at a subsequent hearing, a different judge granted the Petitions. The Appellant now appeals the denial of his motions to dismiss pursuant to Rule 8A of the District/Municipal Cts. R. A. D. A.
Factual Background
The essential facts in this case are not in dispute. The Appellant was admitted to McLean Hospital on January 18, 1999 as a conditional voluntary patient pursuant to G.L.c. 123, §10. On March 1,1999, the Appellant moved to Medfield State Hospital, and he was then transferred to the Dr. Solomon Carter Fuller Mental Health Center (the “Center”) on June 9,1999. On June 14,1999, the Appellant exercised his right as a conditional voluntary patient to notify the center of his intent to leave the facility within three days pursuant to G.L.c. 123, §11.
On June 18,1999, the Appellee filed the Petitions against the Appellant pursuant to G.L.C. 123, §§7, 8 and 8B. The hearing on the Petitions was scheduled for July 9,1999, which was twenty-one days after the Petitions had been filed. Neither the Appellant nor her attorney had requested any delay or extension in the proceedings.
On or about July 7, 1999, the Appellant filed a motion to dismiss the Petitions because the hearing had not been held within the statutorily required fourteen days of the filing of such petitions. At a hearing on July 9,1999, the motion judge denied the motions to dismiss and ordered a hearing on the Petitions to be held on July 12, 1999. The parties subsequently agreed to continue the proceedings until July 16,1999. After the hearing, a trial court judge granted the Petitions.
Discussion
The Appellant argues that the scheduling of the hearing on the Petitions on a date later than fourteen days from the filing of such petitions violated the provisions of G.L.c. 123, §7(c). Under G.L.c. 123, §7(c), a hearing on a Petition for Civil Commitment “shall be commenced within fourteen days of the filing of a petition unless a delay is requested by the person or his counsel.” G.L.c. 123, §7 (c). The Appellee does not dispute that the hearing was commenced on a date beyond the fourteen-day time period or that counsel for the Appellant never requested an extension. The Appellee’s argument is that the Appellant should have made the motion to dismiss as soon as she became aware that the hearing was scheduled for a day beyond the fourteen-day time period. The Appellee asserts the equitable defense of laches and states that the Appellant’s failure to take timely action to address the scheduling delay irreparably impaired the Appellee’s ability to proceed. If the motion judge had allowed the motion to dismiss, the Appellee argues, it would have been precluded from presenting its case.
The language of G.L.c. 123, §7 (c) is clear and unambiguous, and the word “shall” in a statute ordinarily creates a mandatory or imperative obligation. Hashimi v. Kalil, 388 Mass. 607, 609 (1983). In Hashimi, the Supreme Judicial Court affirmed a decision of the District Court Department’s Appellate Division ordering dismissal of a petition for civil commitment because the hearing on such petition was held fifteen days after the filing of the petition. Id. at 609-10. In addition to the clear statutory language, the restraint on liberty imposed by G.L.c. 123, §7 (c) necessarily means that the time limit on the holding of the hearing is directly linked to the essence of the public duty to protect an individual’s personal liberty. Id. at 610. Thus, even though the hearing in Hash-imi was held one day after the expiration of the fourteen-day time period, the Supreme Judicial Court affirmed the order of the Appellate Division dismissing the petition. Id.
The holding in Hashimi v. Kalil controls the outcome of the case presently before us. If a one-day extension of the fourteen-day time period in Hashimi violates G.L.c. 123, §7 (c), a seven-day delay certainly cannot be overlooked.
Accordingly, we reverse the decision of the motion judge and order the Petitions dismissed.