LoConto, P.J.
This is an appeal challenging the denial of the appellant’s motion to dismiss the petition for civil commitment filed by the appellee hospital. We agree with the ruling of the trial judge and affirm the decision. The undisputed facts are as follows.
On July 24, 2002, the appellant was committed to the Westborough State Hospital on a petition pursuant to sections 7 and 8 of chapter 123. The petition expired on January 25, 2003. Although no petition for recommitment was filed prior to January 25, 2003, the appellant was not discharged. On January 27,2003, appellants treating psychiatrist filed an application for temporary involuntary hospitalization pursuant to sections 12 (a) and 12 (b) of chapter 123. Within the four days required by law, the hospital filed the subject matter petition to civilly commit the appellant. Prior to the scheduled hearing on February 5,2003, the appellant brought a motion to dismiss the petition for lack of jurisdiction. After hearing, the trial judge denied the motion, conducted a hearing on the petition and committed the appellant for a period not to exceed six months. The appellant has never challenged her commitment on the merits.
Mootness. The subject matter petition expired on August 6,2003 and another commitment hearing was scheduled for August 20,2003. The appellant is not now subject to the commitment order in question and the appeal is presently moot. Litigation is considered moot when the party who claims to be aggrieved ceases to have a personal stake in the outcome. Acting Superintendent of Bournewood Hospital v. Baker, 431 Mass. 101 (2002). Nonetheless, we have discretion to decide an issue that is moot “where the question is of public importance, is very likely to arise again in similar circumstances, and where appellate review could not be obtained before the question would again be moot.” Attorney General v. Commissioner of Insurance, 403 Mass. 370, 380 (1988). “[Ijssues which involve the rights of the mentally ill are classic examples of issues that are ‘capable of repetition, yet evading review.’” Guardianship of Doe, 391 Mass. 614, 618, 463 N.E.2d 339 (1984), quoting Hashimi v. Kalil, 388 Mass. 607, 609 (1983). In these circumstances, where appellate review is likely to occur after the expiration of an order of commitment, we shall exercise our discretion and decide the issue. (Compare In the Matter of Gayla Eastman, 2003 Mass. App. Div. 167).
Discussion. The appellant relies on the case of Hashimi v. Kalil, supra, for support of her argument that her commitment on July 24, 2002 expired on January 25,2003 *45 and therefore she was no longer a committed person at the time the hospital initiated the subject matter petition. In that case, the Supreme Judicial Court held that the language in the statute providing that civil commitment hearings “shall” be commenced within 14 days of filing the petition is mandatory and jurisdictional. The appellant argues that she should have been discharged since her commitment had expired and there was no authority to confine her. Additionally she alleges that she was deprived of due process protection under both the United States Constitution and the Massachusetts Declaration of Rights, since the hospital was without legal basis to retain her between January 25,2003 and January 30,2003.
This case is distinguishable from Hashimi v. Kahil. Although the statutory time limits are jurisdictional and must be strictly construed, it does not follow that the hospital must discharge a patient if the person requires continued psychiatric hospitalization. The proper procedure is to evaluate the patient to determine if “the failure to hospitalize would create a likelihood of serious harm by reason of mental illness.” G.L.c. 123, §7. If the failure to hospitalize the appellant would have created a likelihood of such harm, then it would have been injudicious for the appellee to release her. The appropriate procedure was the filing of an application for temporary involuntary hospitaiization pursuant to G.L.c. 123, §12 (a) and 12(b). That was the procedure followed here. The appellant was evaluated and temporarily committed. She never challenged her commitment by requesting an emergency hearing pursuant to the relief available under section 12(b). After a chapter 123, section 7 and 8 petition was timely filed and heard, the appellant was committed for a period not to exceed six months. The better practice would have been the timely filing of a petition prior to the expiration of the pending order of commitment. However, the hospital acted responsibly and in compliance with chapter 123 to treat an individual who was a danger to herself or others on account of her mental illness.
Recently the Supreme Judicial Court held that the Commonwealth’s failure to follow statutory filing requirements did not require a dismissal of a petition if the appellant’s liberty interest were not abridged. Commonwealth v. Gagnon, 439 Mass. 826 (2003). The issue arose in the context of a petition pursuant to G.L.c. 123A, §12(b) to commit a defendant to the Massachusetts Treatment Center as a sexually dangerous person. In Gagnon, although the Commonwealth failed to file the report of the qualified examiner within the period required by the statute, dismissal of the petition to commit was not required because the delay did not result in the Commonwealth’s filing of its petition late, or the defendant being detained beyond the period permitted by law. The court reasoned that dismissal was not required because there was no infringement to the defendant’s liberty interest (Compare Commonwealth v. Kennedy, 435 Mass. 527 (2001), where the Commonwealth’s conduct resulted in a period of detention more than one year beyond the authorized period). The appellant in the present case likewise suffered no infringement to her liberty interest. If the appellee had filed its petition on January 24, 2003, as it should have, a hearing on the petition would have been scheduled by the court within 14 days. In the present case, the appellant received her hearing on the subject matter petition on February 5,2003, which was 12 days after the petition for recommitment should have been filed. The failure of the appellee to file the recommitment petition timely did not result in any delay in the hearing. The appellant was not confined at the hospital beyond the period allowed by law and therefore, there was no infringement to her liberty interests.
For the above stated reasons, we affirm the ruling of the trial judge and dismiss the appeal.