NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13438

COMMONWEALTH  vs.  MARK DAVIDSON.

Suffolk.     September 13, 2023. - December 6, 2023.

Present:  Budd, C.J., Gaziano, Lowy, Cypher, Kafker, Wendlandt, & Georges, JJ.

Anti-Discrimination Law, Housing.  Lead Poisoning.  Housing Court, Jurisdiction.  Jurisdiction, Housing Court. Statute, Construction.  Practice, Civil, Interlocutory appeal.

Complaint filed in the Superior Court Department on March 30, 2022.

Following transfer to the Northeast Division of the Housing Court Department, a motion to transfer the case to the Superior Court Department was heard by Alex Mitchell-Munevar, J.

A proceeding for interlocutory review was heard in the Appeals Court by Peter W. Sacks, J., and the case was reported by him to a panel of the Appeals Court.  The Supreme Judicial Court transferred the case on its own initiative.

David Rangaviz, Assistant Attorney General, for the Commonwealth.
Dierdre Ann Hosler, for Massachusetts Commission Against Discrimination, amicus curiae, submitted a brief.

BUDD, C.J.  The Attorney General commenced a civil action in the Superior Court alleging housing discrimination against the defendant, Mark Davidson, on behalf of Laura Smith and Daniel Hocking (complainants).  The defendant thereafter transferred the case to the Housing Court.  The Attorney General, who was unsuccessful in having the matter transferred back to the Superior Court, sought interlocutory relief.  Because the Housing Court does not have jurisdiction over a discrimination claim in this procedural posture, the case must be returned to the Superior Court.

Background.  The complainants filed an administrative complaint with the Massachusetts Commission Against Discrimination (commission) alleging that the defendant had discriminated against them in violation of G. L. c. 151B, § 4, and G. L. c. 111, § 199A.  Specifically, the complainants alleged that when the defendant learned that Smith was pregnant, he terminated their lease in an attempt to avoid having to comply with G. L. c. 111, § 197, the lead containment or abatement statute.  See G. L. c. 111, § 199A (prohibiting housing discrimination against individuals with children to avoid having to comply with G. L. c. 111, § 197).

After the commission gave notice to the defendant that probable cause existed to pursue the complaint, he elected to have the matter heard in court rather than by the commission.

See G. L. c. 151B, § 5.  The commission subsequently transferred the matter to the Attorney General's office, which in turn commenced this action against the defendant in the Superior Court as required by statute.  See id.  The defendant thereafter filed a notice of transfer to the Housing Court.

After the case was transferred, the Attorney General moved to transfer the case back to the Superior Court on jurisdictional grounds.  Believing that he did not have authority to transfer the case back to the Superior Court, the Housing Court judge directed the Attorney General to request the transfer pursuant to Trial Court Rule XII (1).[1]  Taking the position that the trial court rule was inapplicable, the Attorney General instead filed a petition for interlocutory relief with a single justice of the Appeals Court.  The single justice ordered the case transferred back to the Superior Court and reported the matter to the full panel of the Appeals Court.  This court transferred the matter here on our own motion.

---

[1] Trial Court Rule XII (1) states in pertinent part:

"If two or more actions are pending in different departments of the Trial Court, and if a judge, Clerk Magistrate, register, or party determines that the separate actions are related actions involving substantially the same or similar issues and parties, the judge, Clerk-Magistrate, register, or party may request that the Chief Justice [of the Trial Court] make an appropriate interdepartmental assignment so that one judge may hear all related matters."

Discussion.  To determine whether the Housing Court department has jurisdiction over this matter, we turn to G. L. c. 151B, § 5, which deals with enforcement of the Commonwealth's antidiscrimination laws and details how discrimination complaints filed with the commission are handled when either party chooses to have the matter heard in court.[2]  The statute states in pertinent part:

> "If any complainant or respondent elects judicial determination as aforesaid, the commission shall authorize, and not later than thirty days after the election is made the attorney general shall commence and maintain, a civil action on behalf of the complainant in the [S]uperior [C]ourt for the county in which the unlawful practice occurred."

G. L. c. 151B, § 5.

When interpreting a statute, we begin, as always, with the statutory language.  The language of § 5 unambiguously indicates that the Superior Court is the proper court for actions such as this one.  Further, the Legislature's use of the word "shall" is instructive here, as it commands, rather than suggests, that the action is to be commenced in the Superior Court, and not elsewhere.  Id.  See Galenski v. Erving, 471 Mass. 305, 309 (2015), quoting Hashimi v. Kalil, 388 Mass. 607, 609 (1983)

---

[2] Although we typically review decisions of the single justice of the Appeals Court for error of law or abuse of discretion, see Vega v. Commonwealth, 490 Mass. 226, 230 (2022), where, as here, the issue turns on a question of statutory interpretation, we review the matter de novo.  See Chadwick v. Duxbury Pub. Sch., 475 Mass. 645, 651 (2016).

("The word 'shall' is ordinarily interpreted as having a mandatory or imperative obligation"). Finally, the use of the phrase "commence and maintain" is an equally clear directive that such actions brought by the Attorney General, once initiated, are to remain in the Superior Court. See Commonwealth v. Disler, 451 Mass. 216, 227 (2008), citing Matter of a Civil Investigative Demand Addressed to Yankee Milk, Inc., 372 Mass. 353, 358 (1977) ("every word in a statute should be given meaning"); Commonwealth v. Woods Hole, Martha's Vineyard & Nantucket S.S. Auth., 352 Mass. 617, 618 (1967) ("[n]one of the words of a statute is to be regarded as superfluous" [citation omitted]).

We are unpersuaded by the defendant's argument that the Housing Court has concurrent jurisdiction over this matter.[3] It is true that G. L. c. 185C, § 3, establishes the Housing Court's broad subject matter jurisdiction, as encompassing "all civil actions . . . concerned directly or indirectly with the health, safety, or welfare, of any occupant of any place . . . of human habitation." However, the unambiguous and mandatory language of G. L. c. 151B, § 5, takes precedence over the generalized grant

---

[3] Although the defendant did not submit a brief and waived participation in oral argument, his argument is laid out in both his oppositions to the Attorney General's motion to transfer the case and to the Attorney General's appeal from the denial of that motion.

of jurisdiction in G. L. c. 185C, § 3.  See Lexington Pub. Sch.
v. K.S., 489 Mass. 309, 329 (2022), quoting Pereira v. New
England LNG Co., 364 Mass. 109, 118 (1973) ("If a general
statute and a specific statute cannot be reconciled, the general
statute must yield to the specific statute").  See also G. L.
c.  151B, § 9 (instructing that "any law inconsistent" with
c. 151B "shall not apply" to operation of c. 151B).[4]

Notably, the complainants had the option of commencing a
civil action in the Housing Court rather than filing a complaint
with the commission.  See G. L. c. 151B, § 9.[5]  Had they done so,
the Housing Court properly would have had jurisdiction over the
matter.  However, because the complainants filed with the
commission and the defendant elected to have the matter heard in
court, the Superior Court is the only court with jurisdiction

---

[4] Nor are we persuaded by the defendant's argument that
G. L. c. 185C, § 20, which generally authorizes the transfer of
cases within the Housing Court's jurisdiction to that court, is
helpful to his argument.  That statute states, in part, that
"[a]ny civil action within the jurisdiction of the [H]ousing
[C]ourt department which is pending in another court department
may be transferred to the [H]ousing [C]ourt department by any
party thereto."  Although the statute provides for the transfer
of cases to the Housing Court, it does not confer Housing Court
jurisdiction over those cases.  As stated above, cases brought
by the Attorney General pursuant to G. L. c. 151B, § 5, are not
within the jurisdiction of the Housing Court.  Therefore, G. L.
c. 185C, § 20, is inapplicable here.

[5] General Laws c. 151B, § 9, also provides for the
commencement of such actions in the Probate and Family Court or
the Superior Court.

given the plain language of G. L. c. 151B, § 5. Thus, transfers of such actions to the Housing Court or any other trial court department is prohibited.[6] As for the procedure to transfer the matter back to the Superior Court, we agree with the Attorney General that Trial Court Rule XII (1), which provides for the consolidation of two or more related actions pending in different trial court departments, is not applicable because here there is only one case at issue.

However, G. L. c. 211B, § 9, empowers the Chief Justice of the Trial Court to engage in the "general superintendence of the judicial policy of the trial court." Among those powers explicitly granted to the Chief Justice of the Trial Court is the authority to "monitor and to assist in the case processing and caseflow management capabilities of the trial court departments" and to "transfer cases and matters from a court to any other court." Id. See Konstantopoulos v. Whately, 384 Mass. 123, 129-130 (1981) ("the proper procedure is for the judge to ask the Chief Administrative Justice to transfer the case . . . to the appropriate department of the Trial Court"). Thus, where a judge of a particular trial court department finds that the court lacks jurisdiction over a particular matter, the

---

[6] Given the clarity of § 5's plain meaning, we need not address the additional arguments raised by the Attorney General.

judge may request an order from the Chief Justice of the Trial Court to transfer the case to the appropriate court department.[7]

Conclusion. For the aforementioned reasons, the Housing Court lacks jurisdiction over enforcement actions brought by the Attorney General under G. L. c. 151B, § 5. We clarify that a trial court department may seek to transfer cases outside its subject matter jurisdiction by requesting a transfer order from the Chief Justice of the Trial Court.

The order of the single justice of the Appeals Court is affirmed, and the stay of any proceedings in the Superior Court is vacated.

So ordered.

---

[7] The Attorney General urges this court to hold that the "inherent powers of the judiciary" enable Housing Court judges to transfer cases outside their subject matter jurisdiction to other judicial departments. See Bower v. Bournay-Bower, 469 Mass. 690, 698 (2014), quoting O'Coin's, Inc. v. Treasurer of the County of Worcester, 362 Mass. 507, 510, 514 (1972) (inherent powers of judiciary are those "necessary to 'secure the full and effective administration of justice' and thus extend beyond adjudication to ancillary functions such as rule-making and judicial administration'"). However, we do not find it necessary in this case to elaborate on the inherent powers of the Housing Court, where the Chief Justice of the Trial Court is authorized by statute and well positioned to assist in resolving issues of this nature.