COMMONWEALTH vs. MICHAEL D. MARKVART.

Hampden. February 5, 2002. - July 18, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Practice, Civil,* Report, Sex offender. *Practice, Criminal,* Nolle prosequi. *Sex Offender. District Attorney. Attorney General. Evidence,* Hearsay, Expert opinion, Sex offender. *Constitutional Law,* Confrontation of witnesses. *Due Process of Law,* Sex offender.

This court concluded that police reports and witness statements from a nol prossed complaint of rape could be provided to qualified examiners for their use in examining and diagnosing sexually dangerous persons committed to a treatment facility pursuant to G. L. c. 123A, § 13(*b*), because, although § 13(*b*) does not specifically authorize the practice, neither does it prohibit it. [333-335]

This court concluded that G. L. c. 123A, § 14(*c*), does not authorize police reports and witness statements from nol prossed cases to be admitted directly at the trial of a sexually dangerous person petition [335-336]; however, the court stated that such materials could be provided to a qualified examiner, who could rely on them as the basis for an expert opinion, consistent with the requirements and limitations of *Department of Youth Servs.* v. *A Juvenile*, 398 Mass. 516, 531 (1986) [336-339].

PETITION for commitment filed in the Superior Court Department on August 28, 2000.

A motion to strike was heard by *Peter A. Velis*, J., and a motion for reconsideration and a request for a report of questions of law to the Appeals Court were heard by him.

The Supreme Judicial Court granted an application for direct appellate review.

*Brooks A. Ames*, Committee for Public Counsel Services, for the defendant.

*Thomas H. Townsend*, Assistant District Attorney, for the Commonwealth.

IRELAND, J. In 1991, the defendant was arraigned and pleaded not guilty to charges of rape, assault and battery by means of a dangerous weapon, and two counts of armed robbery. The Com-

monwealth nol prossed all the charges, however, stating only, "It is in the interests of justice at this time" to do so. Five years later, the defendant pleaded guilty to charges of rape and breaking and entering in the nighttime with intent to commit a felony.[1] In August, 2000, shortly before the defendant would complete the maximum term of his prison sentence (to be followed by a five-year period of probation), the Commonwealth filed a petition to have him committed as a sexually dangerous person pursuant to G. L. c. 123A, § 12 (b). After a probable cause hearing, the defendant was ordered committed to a treatment facility for examination and diagnosis by two qualified examiners. See G. L. c. 123A, § 13 (a). The Commonwealth provided the examiners with, among other things, copies of the police reports and witness statements from the 1991 nol prossed case.[2] Both examiners concluded that the defendant was a sexually dangerous person, and both relied on the nol prossed case materials in so concluding, describing the alleged incidents in some detail.

The defendant moved to strike the examiners' reports, claiming that the district attorney was not authorized by c. 123A to provide materials from a nol prossed case to the examiners, and that to permit such material to be admitted at trial in any form would violate the defendant's right to due process under the Fifth Amendment to the United States Constitution, his right to confrontation under the Sixth Amendment to the United States Constitution, and his corresponding rights under art. 12 of the Massachusetts Declaration of Rights. The motion was denied. The defendant moved for reconsideration and requested report to the Appeals Court. The motion for reconsideration was denied, but four questions were reported to the Appeals Court, and all proceedings were stayed pending resolution of the report. We granted the defendant's application for direct appellate review. We conclude that the police reports and witness statements are, by definition, hearsay; that they can, nonetheless, be

---

[1]These indictments were unrelated to the 1991 nol prossed charges.

[2]One examiner states in his report that the district attorney provided him with these materials. The defendant presumes the second examiner also received these materials from the district attorney and the Commonwealth does not dispute this presumption.

properly provided to the examiners; and that the examiners may rely on them in forming their recommendations to the extent permitted by *Department of Youth Servs.* v. *A Juvenile,* 398 Mass. 516 (1986).

*Discussion.* The reported questions are:

"(1) whether G. L. c. 123A, § 13 (*b*), authorizes the District Attorney to provide the qualified examiners with police reports and witness statements from a nol[] prossed complaint of rape;

"(2) if the statute does not provide such authorization, what is the appropriate remedy;

"(3) whether G. L. c. 123A, § 14 (*c*), makes such police reports and witness statements admissible at trial either directly or through expert opinion; and

"(4) whether admissibility of such reports either directly or through expert opinion would violate the defendant's right to due process under the Fifth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights and his right to confrontation under the Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights."

We answer the reported questions only insofar as it is necessary to resolve the issues raised by the record. "Although a judge may report specific questions of law in connection with an interlocutory finding or order, the basic issue to be reported is the correctness of his finding or order. Reported questions need not be answered in this circumstance except to the extent that it is necessary to do so in resolving the basic issue." *Commonwealth* v. *Bruno,* 432 Mass. 489, 493 n.5 (2000), quoting *McStowe* v. *Bornstein,* 377 Mass. 804, 805 n.2 (1979).

1. *G. L. c. 123A, § 13 (b).* General Laws c. 123A, § 13 (*b*), reads:

"The court shall supply to the qualified examiners copies of any juvenile and adult court records which shall contain, if available, a history of previous juvenile and adult offenses, previous psychiatric and psychological examinations and such other information as may be

pertinent or helpful to the examiners in making the diagnosis and recommendation. *The district attorney or the attorney general shall provide a narrative or police reports for each sexual offense conviction or adjudication* as well as any psychiatric, psychological, medical or social worker records of the person named in the petition in the district attorney's or the attorney general's possession. The agency with jurisdiction over the person named in the petition shall provide such examiners with copies of any incident reports arising out of the person's incarceration or custody." (Emphasis added.)

The defendant points to the words "conviction or adjudication" to support his argument that the district attorney's providing the examiners with police reports and witness statements from a nol prossed case is not authorized by this statute. While we agree that the statute requires only that the district attorney provide examiners with materials from sexual offense convictions or adjudications, this does not answer the question whether other materials may be turned over, as well. We have construed similar language not as providing "rigid and exclusive limitations on the materials which may be submitted to psychiatrists," but instead as merely authorizing the furnishing of the records specifically mentioned. *Commonwealth* v. *Lamb*, 372 Mass. 17, 22 (1977).

In addition, G. L. c. 123A, § 13 (*b*), requires that courts provide records containing "copies of any juvenile and adult court records" concerning the defendant. There is no suggestion in the statute that the examiners are to be kept in ignorance of any charges that did not result in conviction. Thus, the examiners would be made aware of all prior charges, including any that were nol prossed, dismissed, or resulted in an acquittal.

The statute also requires that courts provide "such other information as may be pertinent or helpful to the examiners in making the diagnosis and recommendation." G. L. c. 123A, § 13 (*b*). While the same is not required of a district attorney or the Attorney General, the presence of such a requirement for the court indicates a legislative intention that the examiners be provided with nonenumerated materials to aid them. Finally, we see no indication of a legislative intent to prohibit a district attorney or the Attorney General from providing such materials,

as clearly could have been indicated by the addition of the word "only" after the words "shall provide."

We conclude that, although G. L. c. 123A, § 13 (*b*), does not specifically authorize the provision of police reports and witness statements from a nol prossed complaint of rape, neither does it prohibit it. Therefore, such materials may be provided to qualified examiners. We proceed to consider whether such police reports and witness statements are made admissible at trial by G. L. c. 123A, § 14 (*c*), either directly or through expert opinion.

2. *G. L. c. 123A, § 14 (c).* General Laws c. 123A, § 14 (*c*), provides:

> "Juvenile and adult court probation records, psychiatric and psychological records and reports of the person named in the petition, including the report of any qualified examiner, as defined in section 1, and filed under this chapter, *police reports relating to such person's prior sexual offenses,* incident reports arising out of such person's incarceration or custody, oral or written *statements prepared for and to be offered at the trial by the victims* of the person who is the subject of the petition and any other evidence tending to show that such person is or is not a sexually dangerous person shall be admissible at the trial if such written information has been provided to opposing counsel reasonably in advance of trial" (emphasis added).

It is settled that hearsay not otherwise admissible under the rules of evidence is inadmissible at the trial of a sexually dangerous person petition unless specifically made admissible by statute. See *Commonwealth* v. *Rodriguez*, 376 Mass. 632, 638 & n.10 (1978); *Commonwealth* v. *Bladsa*, 362 Mass. 539, 540-541 (1972).[3] The Commonwealth does not dispute that the police reports and witness statements from the nol prossed

---

[3]Nor do the parties dispute that the language permitting introduction of "any other evidence" tending to show that the defendant is or is not sexually dangerous authorizes the admission only of evidence that is independently admissible under the rules of evidence. *Commonwealth* v. *Rodriguez*, 376 Mass. 632, 638 (1978).

charges are hearsay, but contends that they nonetheless are made admissible by G. L. c. 123A, § 14 (*c*).

The Commonwealth argues that the Legislature's failure to add the words "conviction or adjudication" to "sexual offense" in § 14 (*c*) (as it did in § 13 [*b*]) demonstrates an intent that reports relating to unproven allegations of sexual offenses be admitted at trial. This argument is unpersuasive. As the motion judge correctly noted, "[t]he term 'offenses' means a 'violation of the law' . . . and it is not clear whether the allegations in the [nol prossed] complaint are true and whether the defendant indeed violated the law." Our justice system presumes people innocent until they are proved guilty. Therefore, without a conviction or adjudication, the allegations in the nol prossed case materials are just that: allegations. They do not constitute reports of "prior sexual offenses." To speak of a defendant's prior "offenses" necessarily implies findings of guilt.

Similarly, the statements of complainants regarding nol prossed allegations are not admissible as "statements prepared for and to be offered at the trial by the victims," G. L. c. 123A, § 14 (*c*), because unless allegations are established as fact, it is not known whether complainants in fact are victims. Because we presume innocence until guilt is proved beyond a reasonable doubt, then absent a conviction or adjudication, the complainant is not a "victim," and allegations are not "offenses."

In context, § 14 (*c*) merely makes admissible all of the items that were required to be provided to the qualified examiners under § 13 (*b*), which expressly requires provision of "police reports for each sexual offense *conviction or adjudication*" (emphasis added). G. L. c. 123A, § 13 (*b*). We conclude that the statute does not authorize reports and witness statements from nol prossed cases to be admitted directly.

Next we turn to the question whether material from the nol prossed case (police reports and witness statements) may be used as the basis for the qualified examiner's opinion. We conclude that it may, as long as it satisfies the requirements laid out in *Department of Youth Servs.* v. *A Juvenile,* 398 Mass. 516, 531 (1986). Section 13 (*b*) contemplates that qualified examiners may use "such other information as may be pertinent or helpful to the examiners in making the diagnosis and

recommendation." Qualified examiners, as expert witnesses, may base their opinions on (1) facts personally observed; (2) evidence already in the records or which the parties represent will be admitted during the course of the proceedings, assumed to be true in questions put to the expert witnesses; and (3) *"facts or data not in evidence if the facts or data are independently admissible* and are a permissible basis for an expert to consider in formulating an opinion" (emphasis added). *Department of Youth Servs.* v. *A Juvenile, supra* at 531; P.J. Liacos, Massachusetts Evidence § 7.7.3, at 407-408 (7th ed. 1999).

The fact that a prior charge was nol prossed does not mean that the underlying information on which the charge was predicated has become inherently inadmissible. For example, the complaining witness in the nol prossed case would still be allowed to testify, as would any of the other witnesses who could have testified if that case had gone to trial. While the form in which that information is transmitted to the qualified examiner would not satisfy evidentiary requirements (i.e., the police reports and the witness statements would not themselves be directly admissible),[4] the underlying "facts or data" contained in those reports and statements would potentially be admissible through appropriate witnesses (e.g., the complaining witness, or the officer who took the defendant's statement). *Department of Youth Servs.* v. *A Juvenile, supra.*

The police reports and witness statements from the nol prossed matter involving this defendant have not been included in the record before us, so we are unable to determine whether they contain "facts or data" that would, if presented in some other form, be admissible.[5] As such, we cannot make any determination as to the propriety of an expert's reliance on

[4]We note that the form in which information is ordinarily transmitted to an expert witness is often one that is not itself independently admissible. For example, an expert may be provided with written witness statements, or copies of documents that do not bear the requisite authentication for admissibility, or an attorney's summary of relevant facts. It is not the form of the presentation to the expert that governs whether an opinion may be based thereon, but the nature of the facts or data contained in that presentation.

[5]The potential admissibility of the underlying facts or data may not necessarily be apparent from the documents themselves, and a voir dire may be required to determine whether there would, at the time of trial, still be a way that the facts set forth in the documents could be admitted in evidence. If

those materials in this particular case. We do conclude, however, that there is nothing about the fact that the earlier case was nol prossed that would automatically preclude the qualified examiner from relying on those materials consistent with the principles articulated in *Department of Youth Servs.* v. *A Juvenile, supra.*

One final precaution, however, needs to be taken with respect to a qualified examiner's reliance on such materials. While allowing an expert to base an opinion on facts or data that, although admissible, have not actually been admitted in evidence, see *id.*, we have not allowed the expert to articulate that factual basis as part of the expert's direct examination. See *Commonwealth* v. *Jaime*, 433 Mass. 575, 577-578 (2001). Our approach to an expert's use of facts and data that are not themselves admitted in evidence at trial "allows a witness to state his opinion or inferences he has drawn from the evidence, without first setting out during direct examination the underlying facts or data on which the testimony is based." P.J. Liacos, Massachusetts Evidence § 7.7.4, at 414 (7th ed. 1999). Those details may be elicited during cross-examination, see *Commonwealth* v. *Jaime, supra*, but the decision whether to do so is a strategic one left to the opposing party. The expert's direct examination may not be used to put before the jury facts that are not (and will not be) properly in evidence.

Applying this principle to the work of qualified examiners is complicated by the fact that an examiner's report is itself made admissible under G. L. c. 123A, § 14 (*c*). Recitation of facts in that report that, although admissible, turn out not to be admitted during trial (or elicited on cross-examination of the expert) would undermine the balance we struck in *Department of Youth Servs.* v. *A Juvenile, supra.* In context, the qualified examiner's report is the equivalent of the direct examination of the expert, and the report as submitted to the jury should therefore be subject to the same constraints. Consistent with the principles articulated in *Department of Youth Servs.* v. *A Juvenile, supra,*

defense counsel believes that a qualified examiner is relying on facts or data that would not be independently admissible, counsel may request such a voir dire. See *Department of Youth Servs.* v. *A Juvenile*, 398 Mass. 516, 532 (1986).

and *Commonwealth* v. *Jaime, supra,* the qualified examiner's report must be redacted prior to its submission to the jury to exclude any facts or data that were not presented in evidence or elicited during the cross-examination of the qualified examiner. In short, an expert's direct examination is not a vehicle for the introduction of facts in evidence (other than those that the expert directly observed), and the qualified examiner's report should not be transformed into such a vehicle.

We conclude that G. L. c. 123A, § 14 (*c*), does not render police reports and witness statements from nol prossed cases admissible at trial. They may be provided to a qualified examiner, and a qualified examiner may rely on them as the basis for an expert opinion, consistent with the requirements and limitations of *Department of Youth Servs.* v. *A Juvenile, supra.* Those requirements and limitations suffice to address due process concerns and the right of confrontation. As a result, we need not further discuss the constitutional issues raised in the final question.

The reported questions are answered: (1) no, but neither does it prohibit it; (2) not applicable; (3) no, but qualified examiners may rely on such police reports and witness statements consistent with *Department of Youth Servs.* v. *A Juvenile, supra;* and (4) no. The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*