COMMONWEALTH *vs.* MICHAEL MORALES.

No. 02-P-597.

Barnstable. September 19, 2003. - April 1, 2004.

Present: PERRETTA, BROWN, & LAURENCE, JJ.

*Sex Offender. Practice, Civil,* Sex offender. *Evidence,* Sex offender, Hearsay, Grand jury proceedings.

At a hearing on a petition seeking commitment of the defendant as a sexually dangerous person pursuant to G. L. c. 123A, § 14, error, if any, arising from the judge's consideration of inadmissible hearsay and previously excluded grand jury minutes was harmless, where such evidence was cumulative of other significant and admissible evidence presented at the hearing; therefore, reversal of the judgment committing the defendant to the treatment center was not required, and any shortcomings on the part of trial counsel in failing to keep such inadmissible evidence from the judge's consideration did not constitute ineffective assistance. [730-733]

PETITION for civil commitment filed in the Superior Court Department on January 30, 2001.

The case was heard by *Robert J. Kane,* J.

*Robert E. Fox* for the defendant.

*J. Thomas Kirkman,* Assistant District Attorney, for the Commonwealth.

PERRETTA, J. Shortly before the defendant was about to complete service of the sentences imposed upon him for raping a twelve year old girl (Jane) and his five year old stepson (John),[1] the Commonwealth brought a petition seeking his commitment as a sexually dangerous person pursuant to G. L. c. 123A, § 14. After a bench trial on the petition, a Superior Court judge found that the defendant was a sexually dangerous person who would likely engage in sexual offenses if not confined to a secure facility. The defendant argues on appeal that his trial counsel

---

[1]Jane and John are pseudonyms.

was ineffective in failing to keep evidence that he claims was inadmissible from the judge who, in turn, relied upon it in reaching his decision. He also argues that the judge erroneously relied upon grand jury minutes that he had previously excluded from evidence. We conclude that the defendant's claims, even if correct, do not entitle him to a new trial, and we affirm the judgment committing him to the treatment center.

1. *The evidence.* In finding and concluding that the defendant was a sexually dangerous person, the trial judge had before him the testimony of four qualified examiners as well as their reports, a 1992 report prepared by the Department of Social Services (DSS) concerning its investigation into allegations of the defendant's sexual abuse of John, and police reports setting out the results of their investigations into the rapes of Jane and John. The DSS and police reports, as well as disciplinary reports from the Department of Correction (DOC), were also made available to the examiners, who referred to the contents of those reports in both their testimony and reports. Also, at least two of the examiners had been provided with minutes of the grand jury proceedings that gave rise to the indictments upon which the defendant had been convicted and sentenced in 1992 and 1996. See G. L. c. 123A, § 13(*b*). Although the grand jury minutes were excluded from evidence, they were marked for identification and made part of the record before us.

2. *The claims.* The defendant makes two arguments. First, he claims his trial attorney was ineffective for failing to object to the Commonwealth's cross-examination of his expert witness concerning the contents of the DSS report, for withdrawing his objection to the admission of the DSS report, and for failing to seek redaction of references to the DSS report contained in the examiners' reports. The defendant's second argument is that the judge, in reaching his decision, relied upon information set out in the grand jury minutes which he had excluded from evidence.

More specifically, the defendant challenges the following evidence put before the trial judge: (1) statements, set out in the DSS report, made by John's mother and relating the maternal grandmother's observations that the defendant would have an erection after holding John in his lap and that she had seen the defendant sit closely with other boys; (2) statements set out in

the DSS report relating that hospital records noted that John was "preoccupied with penises"; (3) statements made by the mother to the DSS investigator in which she related that John had violent nightmares and told her that the defendant had touched John's penis while he was showering; and (4) a police officer's grand jury testimony in which he related John's statements to him describing how the defendant had "sucked" John's penis while they were in the shower.

In his memorandum of decision, the judge described in some detail the "credible evidence" that had been available to him at the trial and the basis for his conclusion that the defendant would "likely . . . engage in sexual offenses if not confined to a secure facility." That evidence included information gleaned from the grand jury minutes and the DSS report.

3. *The applicable law.* Based upon *Commonwealth* v. *Boyer*, 58 Mass. App. Ct. 662, 666 (2003) (parole reports are directly admissible pursuant to the "catch-all" phrase set out in G. L. c. 123A, § 14[*c*]), we have no doubt that DSS reports and grand jury minutes containing information about victims of sexual offenses committed against them by a defendant convicted of those offenses are directly admissible in evidence at trials on petitions brought under G. L. c. 123A, § 14(*a*). Contrast *Commonwealth* v. *Markvart*, 437 Mass. 331, 336-339 (2002) (absent a conviction or adjudication, the complainant is not a victim and police reports and witness statements concerning nol prossed complaints not directly admissible under § 14[*c*]).[2]

This conclusion, that DSS reports and grand jury minutes such as those at issue in the instant case are directly admissible in evidence, brings us to the question whether the hearsay statements set out in the DSS report and grand jury minutes that were cited by the judge in reaching his decision were properly considered. We are, again, guided by *Commonwealth* v. *Boyer*, 58 Mass. App. Ct. at 666-667:

> "While § 14(*c*) trumps a hearsay objection to the admission of the report, still remaining is the issue of

---

[2]The judge's decision here was handed down prior to the decisions in *Markvart, Boyer,* and *Commonwealth* v. *Given*, 59 Mass. App. Ct. 390, further appellate review granted, 440 Mass. 1106 (2003).

hearsay within the report. Traditional rules of evidence apply. When there is hearsay within hearsay it is commonly referred to as totem pole hearsay. . . . If there is not an exception for each statement, the hearsay is not admissible substantively, so long as an objection is lodged. However, it may be admissible if used for an alternative purpose, i.e., by an expert in forming his opinion. See G. L. c. 123A, § 13(*b*); *Commonwealth* v. *Markvart*, 437 Mass. 331, 339 (2002)." (Footnotes omitted.)

None of the statements contained within the DSS report or the grand jury minutes and challenged on appeal, see part 2 of this opinion, *supra*, falls within an exception to the hearsay rule. Nor should the reports of the four examiners have been put before the judge without redaction of the facts and data therein contained but neither presented in evidence nor elicited during cross-examination. See *Commonwealth* v. *Markvart*, 437 Mass. at 339. Additionally, it appears from the transcript that the Commonwealth's examiners based their opinions, at least in part and without challenge by the defendant, on the inadmissible facts set out in the DSS report and the grand jury minutes. See *Department of Youth Servs.* v. *A Juvenile*, 398 Mass. 516, 531-532 (1986); *Commonwealth* v. *Markvart*, 437 Mass. at 338-339.

4. *Discussion.* We accept the defendant's claim that it was error for the trial judge to consider the excluded grand jury minutes for any purpose, see *Commonwealth* v. *O'Brien*, 423 Mass. 841, 848 (1996), and we assume without deciding that his trial counsel was ineffective in allowing inadmissible hearsay in the DSS report to be put before the trial judge for his consideration. That is not to say, however, that reversal of the judgment is required. Rather, in considering prejudicial effect we look to see whether the improperly considered grand jury minutes and inadmissible hearsay was cumulative of other significant and admissible evidence considered by the trial judge. See *Commonwealth* v. *Vinnie*, 428 Mass. 161, 172-173, cert. denied, 525 U.S. 1007 (1998); *Commonwealth* v. *Ramirez*, 55 Mass. App. Ct. 224, 228-229 (2002).

Although the trial judge did note in his memorandum of decision that John's mother told a DSS investigator that she had

been told by her mother both that her mother had seen the defendant have an erection after having held John and had seen the defendant sitting closely with other boys, it does not appear from the trial judge's memorandum of decision that he attached any great significance or weight to that circumstance. Instead, the trial judge heavily relied on the defendant's extensive criminal history[3] and information set out in two DOC incident reports made while the defendant was in custody.[4] See G. L. c. 123A, § 14(*c*).

Next, the trial judge considered the defendant's version of the rapes and the incidents set out in the DOC reports, all as set out by the examiners in their reports and tracked in their testimony at trial. The defendant's statements to the examiners were made following the warnings given to him pursuant to *Commonwealth v. Lamb*, 365 Mass. 265, 270 (1974).

Having reviewed the trial judge's memorandum of decision in its entirety and matched it with the admissible evidence presented at trial, we conclude that any reliance by him on inadmissible evidence that might be found in his memorandum of decision was corroborative of the overwhelming and admissible evidence and thus does not require reversal of the judgment.

5. *Conclusion.* It follows from we have said that any reliance by the trial judge on the grand jury minutes was harmless, see *Commonwealth v. Given*, 59 Mass. App. Ct. 390, 395-396, further appellate review granted, 440 Mass. 1106 (2003), and that any shortcomings on the part of trial counsel did not deprive the defendant of an available and substantial ground of defense.

---

[3]The defendant's extensive criminal history involved acts of violence, the use and sale of drugs, and theft, as well as the rapes of Jane and John.

[4]According to one report, correctional officers prevented the defendant from smuggling five bags of heroin into the institution where he was then confined. The second report involved the defendant's act of "prohibited" contact with a child who was visiting with him at a correctional facility. It appears from that report that the defendant held the twelve year old daughter of his visitor on his lap and massaged her head, shoulders, and back. When the defendant refused to heed warnings that his conduct was "prohibited," the visit was terminated. Claiming he had done nothing wrong, the defendant protested the end to the visit.

See *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974); *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977).

*Judgment affirmed.*