Brant, J.
Dr. Michael Kaplan (“Kaplan”), a chiropractor, brought this G.L.c. 90, §34M suit to recover Personal Injury Protection (“PIP”) payments for treatment provided to Laurien Fernandes (“Fernandes”), an insured of defendant Hanover Insurance Company (“Hanover”). The case was tried jury waived. The parties stipulated to all facts except those underlying the dispositive issues of the necessity of the treatment, the causal connection between the motor vehicle accident and Fernandes’ injuries and treatment, and the reasonableness of the medical bills.
Fernandes’ treatments were provided not by Kaplan, but by another chiropractor in his employ. Based on his review of Fernandes’ medical records, Kaplan proposed to offer his own testimony, as an expert, as to the necessity of the treatment provided and its causal relationship to the automobile accident. Hanover objected at trial to Kaplan’s proffered testimony on the ground that Kaplan had not treated Fernandes himself. The trial judge agreed and excluded Kaplan’s testimony. As a result, Kaplan was unable to prove his G.L.c. 90, §34M case, and judgment was entered for Hanover. Kaplan filed this appeal.
The general principles governing the admissibility and scope of expert testimony are well established. Expert testimony is ordinarily required when the subject of the testimony is beyond the common knowledge and understanding of the fact finder, whether judge or jury. See Commonwealth v. Sands, 424 Mass. 184, 186 (1997). An expert witness may testify about the causal connection between an event and an alleged injury, see Vassallo v. Baxter Healthcare Corp., 428 Mass. 1, 13 (1998), and may express an opinion about the ultimate issue in a case. Commonwealth v. Federico, 425 Mass. 844, 847 (1997). The fact finder remains free to accept or reject the expert’s opinion. Higgins v. Delta Elevator Serv. Corp., 45 Mass. App. Ct. 643, 648 (1998).
There is no requirement that an expert have personal knowledge of a case. An expert may rely on materials prepared by others, Commonwealth v. Nardi, 452 Mass. 379, 389-390 (2008), citing Commonwealth v. Daye, 411 Mass. 719, 743 (1992), if the materials utilized are independently admissible. Commonwealth v. Markvart, 437 Mass. 331, 337 (2002). See generally Department of Youth Servs. v. A Juvenile, 398 Mass. 516, 531 (1986). Such an expert is referred to as a “non-percipient expert.” Department of Youth Servs., supra at 532, quoting Advisory Committee’s Note on *186 Proposed Mass. R. Evid. 705.
The standard of appellate review of the exclusion of a party’s expert witness is whether the evidentiary ruling constituted an abuse of judicial discretion. Salvos v. Wal-Mart Stores, Inc., 452 Mass. 337, 351 (2008). The standard recognizes the flexibility required by a trial judge in discharging his or her significant responsibility to determine the reliability of proposed expert testimony. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993); Canavan's Case, 432 Mass. 304, 312 (2000); Commonwealth v. Lanigan, 419 Mass. 15, 24 (1994).
In this case, the exclusion of Kaplan’s testimony as a non-percipient expert witness constituted an abuse of discretion. Kaplan clearly had the requisite expertise to testify as an expert on the issues before the trial court. Kaplan could have been cross-examined about his bias as the employer of the treating chiropractor and about his financial stake in the outcome of the case. But neither of those factors required the total exclusion of his testimony. Once admitted into evidence, Kaplan’s opinion could have been accorded such weight as the fact finder determined to be appropriate. A new trial is required.
The trial court’s judgment for the defendant, Hanover Insurance Company, is vacated, and this action is returned to the Lawrence Division of the District Court Department for a new trial.
So ordered.