Merrick, J.
The respondent was committed to Taunton State Hospital following a hearing pursuant to G.L.c. 123, §§7 and 8. At the commitment hearing, her treating psychiatrist testified over her objection to his opinion of her mental condition, based not only on his observations of, and conversations with, her during the previous two months, but also on a conversation he had with both her and her guardian. The respondent has appealed the commitment order and the admission into evidence of that opinion.
*266 First, while the respondent objected to the opinion, she failed to preserve the issue by seeking a voir dire to determine whether any of the hearsay relied upon by the psychiatrist in forming his opinion would have been independently admissible if testified to by a percipient witness. See Commonwealth v. Markvart, 437 Mass. 331, 337 n.5 (2002); Department of Youth Servs. v. A Juvenile, 398 Mass. 516, 532 (1986).
Second, as the respondent was released from the hospital prior to argument on this appeal, the appeal is moot and may be dismissed. It is true that even where an appeal is moot, we may address the merits of an issue raised that “is one of public importan ce,” Attorney Gen. v. Commissioner of Ins., 403 Mass. 370, 380 (1988), and is “capable of repetition, yet evading review.” Acting Supt of Bournewood Hosp. v. Baker, 431 Mass. 101, 103 (2000), quoting Hashimi v. Kalil, 388 Mass. 607, 609 (1983). But the question raised on this appeal of whether an expert may testify to an opinion based on hearsay of a kind ordinarily relied upon by experts in that field is well-trod ground. See Commonwealth v. Markvart, supra at 336-338; Department of Youth Servs., supra at 527-531. See also Mass. G. Evid. §703, at 227-229 (2010); M.S. BRODIN & M. AYERY, MASSACHUSETTS EVIDENCE §7.5.3 (c), at 431-433 (8th ed. 2007).
Appeal dismissed.