Singh, J.
KR. was admitted to McLean Hospital on January 27, 2012 due to concerns at his group home about his deteriorating mental health. Upon admission, he was found to be in an “acutely psychotic state.” On February 1, 2012, McLean Hospital petitioned to have KR. involuntarily committed for a further period of time in order to continue to provide him treatment. After a hearing on February 9,2012, during which the sole evidence presented was the testimony of KR.’s attending psychiatrist, the court found that KR. suffered from a mental illness, that failure to retain him in a mental health facility would create a likelihood of serious harm, and that there were no less restrictive alternatives. The court ordered KR. committed to McLean Hospital for a period not to exceed six months. On February 21,2012, KR filed this appeal challenging the sufficiency of the evidence, arguing that much of the evidence consisted of inadmissible hearsay. On February 28,2012, KR was discharged from McLean Hospital.
Given KR’s discharge, this appeal is moot. See Newton-Wellesley Hosp. v. Magrini, 451 Mass. 777, 782 (2008) (where order appealed from no longer had any effect, appeal was rendered moot); Bayridge Hosp. v. Jackson, 2010 Mass. App. Div. 12 (as respondent was at liberty, appeal of commitment order was moot). It is within the courfs discretion, however, to decide issues that are moot where the question is (1) unlikely to obtain appellate review before the question would again be moot, (2) one of public importance, and (3) very likely to arise again in similar circumstances. Acting Superintendent of Bournewood Hosp. v. Baker, 431 Mass. 101, 103 (2000); Scheibel v. Cohen, 2004 Mass. App. Div. 153.
“[I]ssues which involve the rights of the mentally ill are classic examples of issues that are ‘capable of repetition, yet evading review.’” Guardianship of Doe, 391 Mass. 614, 618 (1984), quoting Hashimi v. Kalil, 388 Mass. 607, 609 (1983). Additionally, there is no question that “[i]ssues involving the commitment and treatment of mentally ill persons are generally considered matters of public importance.” Newton-Wellesley Hosp., supra at 782. The particular question raised by this appeal, the legal sufficiency of evidence, is necessarily unique to this case, unlikely to arise in similar circumstances, and would have little or no precedential value. See Bayridge Hosp., supra at 12 n.l (court declined to address claim that respondent was involuntarily civilly committed on legally insufficient evidence as issue unique to case, but did address question of authority of individual to file petition on behalf of hospital as issue of significant import). See also Taunton State Hosp. v. L.P., 2010 Mass. App. Div. 265, 266 (court declined to address question of whether expert may testify to an *230 opinion based on conversations with other individuals); Scheibel, supra at 154 (court declined to decide question of legal sufficiency where issue was settled law). For these reasons, we exercise our discretion to decline to address the merits of this moot appeal.
Appeal dismissed.
So ordered.