Coven, J.
In this case, we determine that the case is moot as to M.C. However, the case raises an issue of public importance, and we elect to address the issue raised in this case.
M.C. applied for admission at Beverly Hospital as a conditional voluntary patient on July 18,2014, pursuant to G.L.c. 123, §§10 & 11. Having found that M.C. was competent to apply for a conditional voluntary status, the hospital admitted M.C. on the same date. On July 31,2014, the attending psychiatrist for M.C., without notice to M.C. or a family member, rescinded the conditional voluntary status of M.C. and filed a petition for the civil commitment of M.C.[1] M.C. moved to dismiss the petition, asserting that the hospital improperly rescinded his conditional voluntary status, having failed to adhere to applicable statutory and regulatory requirements. The motion was denied, *175 and, after hearing, M.C. was civilly committed on August 14,2014. Approximately six weeks later, on September 29,2014, M.C. was discharged.
We agree that the clinical finding of the attending psychiatrist as to the capacity of M.C. to remain on a conditional voluntary status is specific to M.C. and is unique to this particular case. In this context, this case is not capable of repetition and can have no precedential value; it is moot. See In Re: Commitment of K.R., 2012 Mass. App. Div. 229.
Yet the actual legal issue presented is not unique to M.C. Rather, the issue affects potentially all individuals who apply for conditional voluntary admission to a hospital. The rights of the mentally ill are “classic examples” of issues that are “capable of repetition, yet evading review.” Acting Supt. of Bournewood Hosp. v. Baker, 431 Mass. 101, 103 (2000), quoting Guardianship of Doe, 391 Mass. 614, 618 (1984). Where the issue is of public importance, very likely to arise again, and is likely not to obtain appellate review before becoming moot, we will exercise our discretion and address the issue. Id.
Statutory and regulatory framework. General Laws c. 123, §10(a), allows a hospital to “receive and retain on a voluntary basis any person” who is in need of mental health care and treatment. Generally, any person who is admitted pursuant to §10(a), may leave the facility “at any time.” See G.L.c. 123, §11. However, §11 also authorizes a hospital to require from an admitted person a three-day notice of intent to leave. Id. This three-day notice allows the hospital to conduct an evaluation of the person’s suitability for discharge.
If a three-day notice is required, the “admitting or treating physician shall[, before accepting an application for admission,] assess the person’s capacity to understand that: (i) the person is agreeing to stay or remain at the hospital; (ii) the person is agreeing to accept treatment; (iii) the person is required to provide the facility with three days written advance notice of the person’s intention to leave the facility; and (iv) the facility may petition a court for an extended commitment of the person and that he may be held at the facility until the petition is heard by the court.” G.L.c. 123, §11. These competency requirements are also found in regulations promulgated by the Department of Mental Health and found in 104 Code Mass. Regs. §27.06.[2]
The promulgated regulations also provide for periodic review of admitted patients by the “senior reviewing clinician,”[3] including a review of the competency of a conditional voluntary patient “to remain on ... conditional voluntary admission status.” Id. at §27.11(4). Pursuant to §27.11(4) (a):
If a patient is on voluntary or conditional voluntary admission status, and the patient is believed no longer to be competent, and the patient remains *176 in need of continued hospitalization, then the facility director shall take reasonable steps to obtain alternate authority for continued hospitalization either by seeking an order of commitment pursuant to M.G.L.c. 123, §§7 and 8, or a guardianship with authority to admit the ward to a psychiatric facility.
The regulations further provide that, after review, the person conducting the review shall “prepare a full and complete record of all information presented at such review, including medical evidence or information, the reasons for a determination that a patient requires continued care and treatment at the facility, and the consider- ' ation given to alternatives to continued hospitalization.” Id. at §27.11(6) (a).
As we have stated, we find that the hospital was compliant in documenting the results of the review, and the record establishes a sufficient clinical reasoning for the rescission of M.C.’s conditional voluntary status. However, we find that the record does not support a finding that the hospital complied with the regulation concerning notice to M.C. of an intent to conduct a competency evaluation on M.C.’s ability to remain at the hospital on a conditional voluntary status.
The Department of Mental Health regulations require a hospital, “[p]rior to the periodic review,” to “give reasonable advance written notice” to a patient of the intended review. See id. at §27.11(2). There is no evidence in the record that M.C. was provided with written notice. Compliance is both procedural and substantive. It gives notice and allows an individual, such as M.C., to understand that an exchange between the individual and a “senior reviewing clinician” is not merely for treatment, but may impact the freedom of the individual. The required notice places the individual on awareness of the seriousness of the evaluation.
With the hospital having failed to follow its own procedural requirements as contained in the regulations of the Department of Mental Health, the motion to dismiss should have been allowed.
The order of commitment is vacated.

 The rescission notice, dated July 31,2014, states:
Pursuant to M.G.L. Chapter 123, sec. 10 & 11, and 104 CMR: Department of Mental Health Regulations, 27:06 and 27:11,1 hereby certify that I have conducted a thorough examination of the patient, which included a mental status exam, review of clinical history, treatment plan and patienf s response to treatment After careful consideration I have determined that the patient lacks the requisite mental capacity to remain on a conditional voluntary status. Therefore, I am rescinding the patients conditional voluntary admission and filing a petition for civil commitment pursuant to M.G.L. Chapter 123, secs. 7 & 8.
Progress notes of the attending psychiatrist, of the same date, record the following observations and opinions concerning the competency evaluation of M.C.: M.C. “[m]akes bizarre statements about Germans and Russians, then about Christian[s] and Jews, difficult to understand. Hygiene is poor.... Wet his bed last night... [and] left his room naked. ... Treatment plan discussed, does not appear to understand his current legal status and what it means to apply for state hospitalization.” The attending psychiatrist concludes with, “I don’t believe he has capacity to remain on conditional voluntary status and therefore, I am rescinding his voluntary admission and filing petition for civil commitment.”

 Section 27.06 of 104 Code Mass. Regs, does not explicitly require an “admitting or treating physician [to] assess the person’s capacity to understand that: (i) the person is agreeing to stay or remain at the hospital,” G.L.c. 123, §11, but the requirement is implicit. The remaining statutory requirements are embodied in 104 Code Mass. Regs. 27.06(1) (b), (5), and (6).

 The term is not defined in the regulation. M.C. does not raise as an issue the authority of the attending psychiatrist to act.