APPEALS COURT 
 
 COMMONWEALTH vs. BRYAN M. EWAN

 
 Docket:
 23-P-1258
 
 
 Dates:
 July 8, 2024 - October 30, 2024
 
 
 Present:
 Singh, Hand, & D'Angelo, JJ.
 
 
 County:
 Plymouth
 

 
 Keywords:
 Firearms. License.
 
 

             Complaint received and sworn to in the Wareham Division of the District Court Department on June 22, 2020.
            The case was tried before Edward H. Sharkansky, J., and questions of law were reported by him to the Appeals Court.
            Michael P. Maloney for the defendant.
            Arne Hantson, Assistant District Attorney, for the Commonwealth.
            D'ANGELO, J.  This case involves the statutory scheme regarding firearm identification (FID) cards and licenses to carry firearms (LTC), and exemptions from criminal prosecution for possessing a firearm in one's home.  The defendant was arrested at his home in 2020 on charges unrelated to those at issue in this appeal.  At the time of his arrest, the defendant had a handgun in his pants pocket.  He did not have an LTC.  Although he had obtained an FID card in the past, it had expired years earlier and the defendant had not renewed it.  A District Court jury found the defendant guilty of unlawful possession of a firearm and unlawful possession of ammunition under G. L. c. 269, § 10 (h) (1).[1]  After the trial and prior to sentencing, the judge reported two questions to this court pursuant to Mass. R. Crim. P. 34, as amended, 442 Mass. 1501 (2004):
"1.  Does a[n] [FID] [c]ard issued pursuant to G. L. c. 140, § 129B[,] . . . authorize possession of a firearm in an individual's own home?
"2.  Does the expiration exemption applicable to an FID [card] in paragraph 12 of G. L. c. 140, § 129B[,] apply to firearms?"[2]
            On the facts and circumstances presented by this appeal, with certain qualifications explained, infra, we answer both questions in the negative.
            Background.  The facts relevant to the judge's report are uncontested for present purposes.
            On June 20, 2020, Wareham police officers arrested the defendant at his home and recovered a handgun from his pants pocket.  The defendant did not have an LTC at the time of his arrest.  Although the defendant had been issued an FID card on November 26, 1991, that FID card had expired on April 19, 2000, and he had not renewed it.3
            Discussion.  We answer the reported questions "insofar as it is necessary to resolve the issues raised by the record."  Commonwealth v. Markvart, 437 Mass. 331, 333 (2002).
            1.  In the circumstances of this case, did an FID card issued pursuant to G. L. c. 140, § 129B, authorize possession of a handgun in an individual's own home?4  No.  At the time of the defendant's arrest in 2020, an FID card entitled the cardholder to possess a rifle or shotgun that was not a large capacity weapon but did not authorize the possession of handguns.5  See Commonwealth v. Fleury, 489 Mass. 421, 433 (2022).  To be entitled to possess a handgun (or shotgun or rifle capable of accepting large capacity feeding devices), an individual was required to obtain a Class B LTC.6  See id., citing G. L. c. 140, § 131 (b).  It is undisputed that the defendant did not have an LTC or valid FID card.  Therefore, he was not authorized to possess a handgun anywhere, even in his home.  See Commonwealth v. Powell, 459 Mass. 572, 587-588 (2011), cert denied, 565 U.S. 1262 (2012).7
            2.  Does G. L. c. 140, § 129B (12), exempt the holder of an expired FID card from criminal prosecution for unlawful possession of a handgun?  No.  General Laws c. 140, § 129B (12), exempts from criminal prosecution under G. L. c. 269 "any person in possession of a non-large capacity rifle or shotgun whose [FID card] issued under this section is invalid for the sole reason that it has expired" (emphasis added).  Where the Legislature has expressed certain categories of firearms to which the exemption applies, we exclude things not included in the statute, unless "to do so would frustrate the general beneficial purposes of the legislation."  Bank of Am., N.A. v. Rosa, 466 Mass. 613, 619-620 (2013).  Accordingly, we read G. L. c. 140, § 129B (12), to exempt from prosecution only those defendants charged with unlawful possession of the listed types of firearms, that is, non-large capacity rifles or shotguns.  Where the firearm at issue in this appeal is a handgun, the exemption does not apply.  Finally, while the defendant suggests that he is exempt from criminal liability pursuant to G. L. c. 140, § 131 (m), this section is inapposite because it concerns exemptions related to an LTC, which the defendant did not have when the underlying events took place.
            Conclusion.  The reported questions, as rephrased, are answered (1) no and (2) no.  The case is remanded to the District Court for further proceedings consistent with this opinion.
So ordered.
 
footnotes

 
            [1] The defendant was also found guilty of resisting arrest, but neither that charge nor the conviction has any bearing on this appeal.
            [2] In this case, the type of firearm was a handgun, and we answer the questions specifically as they pertain to handguns.
            [T]here was evidence at trial that the defendant was not disqualified from renewing the FID card at the time of his arrest.
            [4] In answering the reported question, we exercise our discretion to rephrase the question as we determine necessary to assist the judge and the litigants.  See Commonwealth v. Martinez, 480 Mass. 777, 783 (2018) (exercising authority to reformulate reported questions "[f]or the sake of providing clear and simple guidance to trial courts and litigants"); Gasior v. Massachusetts Gen. Hosp., 446 Mass. 645, 646 (2006) (answering "the narrow question presented by the circumstances of this case, [rather than] the broader question reported").
            [5] The state of the law changed significantly in the interval between the defendant's being issued an FID card in 1991 and the date of his arrest over twenty-eight years later.  By 2020, the statutory licensing scheme had expanded to a three-tiered system.  Under the scheme as it existed in 2020, an FID card authorized the possession of rifles and shotguns while LTCs were divided into two categories, Class A and Class B.  Class B licenses entitled the holder to possess handguns and shotguns or rifles capable of accepting large capacity feeding devices.  See G. L. c. 140, § 131 (b).  Class A licenses permitted both the possession of large capacity firearms and the carrying of concealed firearms.  See G. L. c. 140, § 131 (a).  This statutory licensing scheme was substantially amended by St. 2014, c. 284, §§ 46, 47, effective January 1, 2021.  See St. 2014, c. 284, § 112.
            [6] We acknowledge that our conclusion is in tension with dicta in Commonwealth v. Gouse, 461 Mass. 787, 799 n.14 (2012) ("an FID card . . . allows the holder to own, transfer, or possess a firearm in his residence or place of business").  We defer to the language in G. L. c. 140, § 129B (6), to the effect that an FID card "shall not entitle a holder thereof to possess . . . a non-large capacity firearm," and G. L. c. 140, § 131 (a), that an LTC "shall entitle a holder of a license to purchase, rent, lease, borrow, possess and carry:  (I) firearms, including large capacity firearms."
            [7] Were we to reformulate the first reported question to ask whether the defendant could be convicted of unlawful possession of a firearm, specifically a handgun, G. L. c. 269, § 10 (h) (1), in the circumstances here, we would answer, "yes."  That is because, while being present in one's home or at one's place of business is an affirmative defense to carrying a firearm (handgun) without a license, G. L. c. 269, § 10 (a), no such defense exists for unlawful possession of a firearm (handgun), G. L. c. 269, § 10 (h) (1).  But see Commonwealth v. Harris, 481 Mass. 767, 780 (2019); Powell, 459 Mass. at 587-588.