Greco, J.
This is a Dist/Mun. Cts. R. A D. A, Rule 8C, appeal by respondent Gayla Eastman (“Ms. Eastman”) of a G.L.C. 123, §§7,8 order committing her to Emerson Hospital and a G.L.C. 123, §8B order authorizing treatment with anti-psychotic medication. *168 Both orders were issued by a judge of the Concord District Court on September 10, 2002. The commitment order was due to expire on March 10, 2003, and Ms. Eastman was, in fact, discharged on or before that date. She presents the following allegations of error on this appeal: 1) that she was denied the opportunity to attend die District Court commitment hearing, and 2) that the judge improperly admitted into evidence and considered statements she made to a psychotherapist without a preliminary showing that she had been informed that die statements were not privileged. See G.L.C. 233, §20B.
Since Ms. Eastman is no longer subject to the District Court orders in question, she does not have “a personal stake” in the outcome of this appeal and this case is thus moot. Blake v. Massachusetts Parole Board, 369 Mass. 701, 703 (1976). It is true, as we recognized in In the Matter of Helen Bolduc, 2001 Mass. App. Div. 4, that
[wjhile ‘the general rule is that courts ordinarily will not decide moot questions,’ Singer Friedlander Corp. v. State Lottery Comm’n, 423 Mass. 562, 563 (1996), quoting from Norwood Hosp. v. Munoz, 409 Mass. 116, 121 (1991), it remains within their discretion to do so ‘where the question is one of public importance, is very likely to arise again in similar circumstances, and where appellate review could not be obtained before the question would again be moot.’ Attorney General v. Commissioner of Ins., 403 Mass. 370, 380 (1988). ... ‘[Ijssues involving the commitment and treatment of mentally ill persons are generally considered matters of public importance ... [and] are classic examples of issues that are capable of repetition, yet evading review.’ Acting Super. of Bournewood Hosp. v. Baker, 431 Mass. 101, 103 (2002)....
Id. at 6. However, given the specific circumstances in this case, we decline to decide either of the issues presented by this appeal.
As to the first issue, the events surrounding Ms. Eastman’s failure to attend her hearing are not “very likely to arise again in similar circumstances.” It appears that she was not denied the opportunity to attend the hearing, but refused to do so without some additional assurance that her attorney had in fact been appointed by the Court, notwithstanding the efforts of that very attorney to so convince her. This scenario strikes us as very unique with a low probability of being repeated.
The remaining question is whether Ms. Eastman’s commitment was impermis-sibly based on statements she made to a psychiatrist without a showing that she had been advised that her statements would not be privileged and that she had made a knowing and voluntary waiver after being so informed. See G.L.c. 233, §20B; Commonwealth v. Lamb, 365 Mass. 265, 270 (1974). While issues involved in the application of Lamb may “warrant an exception to the usual mootness rules,” In the Matter of Laura L., 54 Mass. App. Ct. 853, 857 (2002), the record in this case does not provide an adequate foundation for a useful discussion of such issues, particularly in light of the guidance given by the Appeals Court in Laura L.
Accordingly, this appeal is dismissed.
So ordered.