Brennan, J.
In this G.L.c. 123, §9 (a) appeal, respondent Robert Magrini (“Magrini”) challenges the denial of his motion for an emergency hearing pursuant to G.L.c. 123, §12 (b) after his involuntary readmission to, and continued confinement at, Newton Wellesley Hospital (“Newton-Wellesley”). Magrini was first admitted to Newton-Wellesley on an emergency basis under G.L.c. 123, §§12 (a) and (b) on the night of June 8, 2006. The hospital’s petition for his involuntary six-month commitment pursuant to G.L.c. 123, §§7,8 was filed on June 15, 2006, and a hearing was scheduled for June 20, 2006 at the Newton Division of the District Court Department. On June 19,2006, Magrini requested the dismissal of the petition for commitment, alleging that it was filed after the three business day period of temporary involuntary emergency hospitalization permitted by G.L.c. 123, §§12 (c) and (d). The motion to dismiss was allowed by a trial court judge that same day, and Magrini was ordered discharged.
*117 Upon receiving the court’s discharge order, Newton-Wellesley authorized a second temporary involuntary hospitalization under G.L.c. 123, §§12(a) and (b). This involuntary readmission was signed by a psychiatrist fifteen minutes prior to the same doctor entering a note in Magrini’s chart discharging him from his first commitment. Throughout this process, Magrini remained in a locked hospital ward. Magrini’s counsel, who had been appointed on the initial petition for commitment, responded immediately to the readmission by filing a Request for Emergency Hearing pursuant to G.L.c. 123, §12 (b). The request alleged unlawful detention, specifically citing a “misuse of §12 (a) and 12(b) to effectively countermand a court order to discharge me, Robert Magrini, on June 19,2006.” The following day, June 20, 2006, the Request for Emergency Hearing was denied by the same district court judge who had originally allowed Magrini’s motion to dismiss. On June 21, 2006, Magrini agreed to a conditional temporary voluntary commitment to Newton-Wellesley Hospital. On June 28, 2006, Magrini filed this appeal, alleging that the district court judge had no discretion to deny his Request for Emergency Hearing, or, in the alternative, that the denial of the request constituted an abuse of discretion.
As a preliminary matter, Newton-Wellesley contends that this Division lacks jurisdiction to hear the case because no actual commitment hearing was ever held. This argument is without merit. The Appellate Division of the District Court Department is authorized to review “[mjatters of law arising in commitment hearings.” G.L.c. 123, §9(a). Clearly, the denial of a request for hearing on a patient’s commitment to a hospital constitutes such an issue.
On a substantive level, however, Magrini is no longer subject to the order about which he complains and, thus, does not have a current “personal stake” in the outcome of this appeal. Blake v. Massachusetts Parole Bd., 369 Mass. 701, 703 (1976). The issue as it relates to Magrini is, therefore, moot. Id. Typically, we do not render decisions on moot issues because “courts need decide only actual controversies, not moot cases.” Pidge v. Superintendent, Mass. Corr. Inst., Cedar Junction, 32 Mass. App. Ct. 14, 19-20 (1992). Yet this Division does have discretion to issue opinions when “the question is one of public importance, is very likely to arise again in similar circumstances, and where appellate review could not be obtained before the question would again be moot.” Attorney Gen. v. Commissioner of Ins., 403 Mass. 370, 380 (1988). As that general principle applies to this case, we have observed that “[ijssues involving the commitment and treatment of mentally ill persons are generally considered matters of public importance... [and] are classic examples of issues that are capable of repetition, yet evading review.” In the Matter of Eastman, 2003 Mass. App. Div. 167, 168, quoting Acting Supt. of Bournewood Hosp. v. Baker, 431 Mass. 101, 103 (2000).
Section 12(b) of G.L.c. 123 provides for an emergency hearing as follows:
Any person admitted under the provisions of this subsection, who has reason to believe that such admission is the result of an abuse or misuse of the provisions of this subsection, may request, or request through counsel an emergency hearing in the district court in whose jurisdiction the facility is located, and unless a delay is requested by the person or through counsel, the district court shall hold such hearing on the day the request is filed with the court or not later than the next business day.
The procedures for scheduling and conducting such emergency hearings were outlined in a recent memorandum from District Court Chief Justice Lynda M. Connolly to District Court Judges and Clerk-Magistrates. See District Court Department Transmittal No. 945 (February 23, 2007). This memorandum instructs a judge presented with a request for an emergency §12 (b) hearing to “review the patient’s request and the facility’s documents forthwith upon their *118 receipt.” Id. at 8. A judge is permitted to deny a request for hearing upon a determination that “the patient’s written allegations, even if sustained, are not sufficient reason to believe that the admission decision resulted from some other abuse or misuse of the provisions of §12(b)Id. Thus, the judge in this case had discretion to permit a full emergency hearing or to decline the request for hearing based solely on the papers submitted.
Upon a review of the record in this case, we find no reason to believe that the judge failed to review Magrini’s request and Newton-Wellesley’s documents forthwith upon their receipt by the court. Although the judge’s decision to deny Magrini’s motion solely on the papers was within her discretion, it is our. view that in the circumstances of this case, specifically where a patient is deprived of his liberty without judicial hearing for twelve days under a statutory provision that contemplates such custody lasting no longer than three business days, the better practice is simply to hold an emergency hearing upon request. As the Supreme Judicial Court has long recognized, a person involuntarily committed to a mental health facility suffers a substantial deprivation of liberty, and must be afforded significant and meaningful due process protections. Commonwealth v. Nassar, 380 Mass. 908, 917 (1980).
Ultimately, however, as to Magrini’s contention that the denial of his request for an emergency hearing constituted an abuse of discretion, we disagree. There are no delineated regulatory, statutory or case guidelines for readmission upon discharge, particularly with respect to its practical implementation by mental health professionals. We cannot, and do not, address in this decision every circumstance or possible permutation of situations in which patients are discharged and readmitted to mental health facilities. Nor do we set a specific time interval between such discharge and readmission. In our view, whether such a practice offends the underlying purpose of G.L.c. 123 must be addressed on a case-by-case basis.[1]
Here, the hospital acted in good faith. It had a professional, ethical and legal obligation to seek hospitalization for Magrini, a person whose doctor had reason to believe that “failure to hospitalize ... would create a likelihood of serious harm by reason of mental illness.” G.L.c. 123, §12(a). The discharge order in this case was not the product of a court’s substantive determination that Magrini did not require hospitalization; rather, it resulted from the court’s appropriate recognition of a procedural mistake by Newton-Wellesley. In addition, there is nothing in the record to suggest that the procedural problem that led to the dismissal of the initial petition has anything to do with the merits of the subsequent petition. Moreover, because the judge who denied the request for emergency hearing was the same judge whose dismissal order was the subject of the patient’s claim of abuse by the hospital, that judge was clearly in the best position to determine whether the initial order was “effectively countermand (ed).” Thus, while we may agree in principle that a person held as long as Magrini should generally be entitled to an emergency hearing, we cannot say that the judge’s action in this case was an abuse of discretion.
Appeal dismissed.

 It should be noted that, although the District Court Department has promulgated a form whereby a patient may check off the particular reason(s) for his or her request for an emergency hearing, none of the choices offered apply to this case.